(No. 29499.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH BURNETT *et al.*, Plaintiffs in Error.

*Opinion filed September 18, 1946.*

SAUL E. COHN, and HAROLD J. BANDY, both of East St. Louis, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and C. W. BURTON, State's Attorney, of Edwardsville, (A. AUSTIN LEWIS, of Granite City, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Joseph Burnett and James Joseph O'Brien, plaintiffs in error, were convicted in the circuit court of Madison county of the crime of burglary and were sentenced to the penitentiary. A number of errors are assigned, but only two have been argued in this court and the others will be deemed to have been waived.

The first point urged is that there is a fatal variance between the allegations of the indictment as to the owner-

ship of the building burglarized and the proof. The count on which the conviction is founded contains an allegation the substance of which is that defendants on August 6, 1945, burglariously, etc., did break and enter into a certain restaurant building of George Bugle with intent to take and carry away the property of the said George Bugle. Bugle testified that he had been conducting a restaurant and tavern business in the building in question for about eleven years; that he owned the building and leased the ground upon which it stood. He testified that the lease and the tavern license were issued in his name and that his wife assisted him in the operation of the business. Mrs. Bugle testified on cross-examination that she and her husband both worked and that they both owned it and were partners.

Burglary is an offense against property, and in a prosecution for the commission of such crime the indictment must allege and the proof must show that the property burglarized was that of a person or persons other than the accused. (*People* v. *Zangain,* 301 Ill. 299; *People* v. *Struble,* 275 Ill. 162; *Aldrich* v. *People,* 225 Ill. 610.) The evidence of Bugle, that he owned the building and leased the property in his own name upon which the building stood, proves the allegation of ownership in the indictment. His evidence that the lease and the tavern license were issued in his name is corroborative of his statement that he owned the building. There is nothing in Mrs. Bugle's testimony which contradicts the ownership of the building. The inference to be drawn from her testimony is that her interest in the building is that which arises out of the marriage relationship. The objection is without merit.

The judgment committed plaintiffs in error to the penitentiary for the term of one year to life, and directed the minimum should be not less than 20 years nor more than 35 years.

The second assignment of error is that section 2 of the Parole Act as amended in 1943, under which plaintiffs in error were sentenced, is unconstitutional. It is contended that it violates that part of section 13 of article IV of the constitution which prohibits the amendment of a law by reference to its title only and which requires that a law revived or section amended shall be inserted at length in the new act. The charge of invalidity of the section is directed at that feature added by the 1943 amendment which empowers a court, after conviction, to fix a minimum penalty which may be greater but not less than the minimum provided by law, and a maximum limit which may be less but shall not be greater than the maximum provided by law. The penalty "provided by law" for burglary is fixed in section 36 of division I of the Criminal Code at "any term of years not less than one year or for life." (Ill. Rev. Stat. 1945, chap. 38, par. 84.) It is argued that the authorization in section 2 permitting a trial court to fix a minimum and maximum period of service in the penitentiary different from the minimum and maximum penalty prescribed by the Criminal Code amends the code provision without meeting the constitutional requirements.

The act of 1943 was an amendment of the Parole Act of 1917. The title of the 1917 act was "An Act to revise the law in relation to the sentence and commitment of persons convicted of crime or offenses and providing for a system of parole and to repeal certain Acts and parts of Acts therein named." (Laws of 1917, p. 353.). The enactment of 1943 declares it to be "An Act to amend sections 2, 3, 6, 7, 7a and 7b and the title of 'An Act to revise the law in relation to the sentence and commitment of persons convicted of crime or offenses and providing for a system of parole and to repeal certain Acts and parts of Acts therein named,' approved June 25, 1917, as amended, and to repeal section 3a thereof." (Laws of

1943, p. 591.) Section 3 of the 1943 amendatory act declares that the title of the Parole Act as amended shall be "An Act to revise the law in relation to the fixing of the punishment and the sentence and commitment of persons convicted of crime or offenses, and providing for a system of parole." It will be observed that the only difference in the two titles is that the act of 1943 includes the words "to the fixing of the punishment" which was not included in the former title. The several provisions of the 1943 act indicate that the words added to the title were included to cover the provisions of section 2 authorizing a court when sentencing a defendant to the penitentiary to fix a minimum and maximum period of incarceration.

In *People* v. *Hartsig,* 249 Ill. 348, the defendant had pleaded guilty to the crime of conspiracy to defraud and had been sentenced under the Parole Act then in force to an indeterminate term of not less than one nor more than five years. The crime to which the plea had been entered was defined in the Criminal Code and the penalty there fixed was not to exceed five years or a fine, or both. No minimum period of imprisonment in the penitentiary was declared. One of the errors assigned raised a question as to whether the crime for which defendants stood convicted came within the Parole Act. The Parole Act was worded so that its application was limited to crimes where the minimum penalty provided by law was one year. In support of the judgment committing the defendant to the penitentiary for an indeterminate term of one year to five, it was urged that the Parole Act had amended the penalty fixed by the Criminal Code for the crime in question so that the penalty was a minimum of one year and a maximum of five. It was held that the contention was without merit and *Featherstone* v. *People,* 194 Ill. 325, was applied. It was there held that the Parole Act of 1895, as amended in 1897, pertained to the manner of imposing a sentence and was not an act to fix punishment. In the *Hartsig case,*

it was said the subject of fixing punishment was not within the scope of the title of the Parole Act.

In *People* v. *Moses,* 288 Ill. 281, a similar contention arose as to the Parole Act of 1917, and again the distinction between a law which fixes a penalty for punishment of a crime and a law which directs the manner of sentencing a defendant was noted. It was held the Parole Act of 1917 was of the latter class and did not amend the penalty provided by law. It was observed that if there was such a provision it would be unconstitutional.

The foregoing cases, and others that might be added, establish the principle that a law which fixes punishment for a crime and a law which directs the manner of sentencing one convicted of a crime deal with two separate and distinct subjects. The question in this case is as to whether the provision in section 2 of the amendatory act of 1943 which empowers a court to fix a minimum penalty, not less than the minimum provided by law, and a maximum not greater than the maximum provided by law, is in effect an amendment of the Criminal Code which fixes the penalty for burglary at one year to life.

The legislature has authority to define what acts shall constitute a crime. In the exercise of the sovereign power of the State, it may fix the punishment to be imposed for the commission of the crime and in doing so the only constitutional limitation on its authority is that "all penalties shall be proportioned to the nature of the offense." (*People* v. *Connors,* 291 Ill. 614.) In the exercise of such power it may prescribe penalties of confinement in the penitentiary fixing the period of confinement at a certain number of years. In such event the court has no discretion as to the period of incarceration. The law-making body may also determine that punishment by confinement in the penitentiary shall be for not less than a specified minimum nor more than a stated maximum. Except for the requirements of the Parole Act, a court committing a defend-

ant to the penitentiary on such an act may exercise a discretion, and, subject to the requirements of the act as to the minimum and maximum, may order incarceration for a fixed period of time.

The Parole Acts prior to the 1943 act left the court without a discretion as to the penalty in all cases subject to the Parole Act. (*People* v. *Joyce,* 346 Ill. 124.) The only judgment that could be entered for cases coming under the law was for the indeterminate term fixed by the statute. Except for the power of the State's chief executive to pardon and grant reprieve, the Parole Acts vested all authority for termination of imprisonment in an administrative body.

The Parole Act as amended in 1943 continues the administrative body with certain delegated powers, and section 2 vests in the trial court the power to exercise a discretion in fixing a minimum and maximum period of imprisonment in the penitentiary. The court is limited in the exercise of its discretion and cannot fix a minimum which is less than the minimum provided by law, nor a maximum greater than the maximum already fixed. A court in exercising such discretion is engaged in a judicial act determining the appropriate measure of punishment for the particular crime. Thus, the practical operation of the statute preserves the minimum and maximum fixed by law. Clearly, such a law pertains to the manner of sentencing a defendant and is not intended to amend the penalty which the legislature has prescribed.

The constitutionality of certain parts of the amendatory act of the Parole Act of 1943 was before this court in *People* v. *Roche,* 389 Ill. 361. The arguments advanced in this case were based upon different grounds than those considered in the *Roche case.* We adhere to what was said in the former opinion and sustain the constitutionality of the act in the attack now made upon it.

Under the provisions of the Parole Acts prior to the 1943 amendment, it was held in a number of cases that the provisions of the Parole Act are incorporated into the sentence by virtue of law and become a part of it as much as if the provisions were actually written into it. The principle thus announced continues to have application to the 1917 act as amended in 1943. The administrative body vested with the power to administer the Parole Law must observe the minimum and maximum fixed by the court. If the minimum and maximum fixed in the judgment is different from the minimum and maximum provided by law, then the Parole Board is required to follow directions of the judgment and in this sense the provisions of the Parole Act become a part of the judgment the same as though written therein.

The judgment of commitment entered in this case sentenced each of plaintiffs in error to the penitentiary "for the term of one year to life or until discharged according to law." The judgment contained a further statement that it was "the advisory opinion of the court" that each of the defendants be confined in the penitentiary for a term of not less than 20 years nor more than 35 years. The provisions of section 2 require the court to fix the minimum and maximum and if, in the exercise of the discretion given, he concludes that there should be a minimum and maximum different than that provided by law, then the minimum and maximum so fixed by the court becomes the basis of the judgment and the order of commitment should be entered accordingly. Under the circumstances, the cause must be remanded for the entry of a proper judgment.

For the reasons assigned, the judgment is reversed and the cause remanded, with directions to proceed in accordance with the views expressed.

*Reversed and remanded, with directions.*