(No. 29911.—

The People of the State of Illinois, Defendant in Error, vs. Harvest Howard, Plaintiff in Error.

*Opinion filed March 19, 1947—Rehearing denied Sept. 15, 1947.*

Harvest Howard, *pro se.*

George F. Barrett, Attorney General, of Springfield, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, W. S. Miroslawski, and Melvin S. Rembe, all of Chicago, of counsel,) for the People.

Mr. Justice Murphy delivered the opinion of the court:

In March, 1946, plaintiff in error entered a plea of not guilty in the criminal court of Cook county to an indictment which charged him with robbery. On the trial with-

out a jury, he was found guilty and sentenced to the penitentiary for an indeterminate term of not less than one year nor more than twenty years. He has sued a writ of error out of this court to review the judgment of conviction. Appearing *pro se,* he contends the judgment entered does not conform to the requirements of section 2 of the Parole Act as amended in 1943 and that the amendment of 1943 is unconstitutional.

The minimum and maximum limits of duration of imprisonment as fixed in the judgment were the same as the minimum and maximum prescribed by section 246 of division I of the Criminal Code. (Ill. Rev. Stat. 1945, chap. 38, par. 501.) Plaintiff in error contends that section 2 of the act as amended in 1943 is mandatory and that the trial court was required to fix a minimum and maximum limit of imprisonment different from those imposed by the Criminal Code.

Section 2 of the amended act vests in the trial court a discretion which he may exercise in fixing the minimum and maximum limits of imprisonment in the penitentiary which was not within its power under the law as it existed prior to the amendment. (*People* v. *Burnett,* 394 Ill. 420.) The act of 1943 leaves it to the discretion of the trial judge as to whether a defendant shall be sentenced to the penitentiary for the period provided by law for the offense of which the defendant stands convicted or whether he shall be sentenced for a term with a minimum and maximum within the limits prescribed by the act. *People* v. *Brown,* 389 Ill. 202.

The judgment entered in this case fixed minimum and maximum limits of imprisonment in the penitentiary which were the same as those fixed for the crime of robbery. Such a sentence was within the power given the court by section 2 and was a valid sentence.

Plaintiff in error assumes that the amendatory act of 1943 (Laws of 1943, p. 591,) is separate and distinct from

the Parole Act of 1917. It is argued that there are two parole acts and from this it is contended that the amendatory act is special legislation and therefore violates section 22 of article IV of the constitution. The title of the amendatory act disproves such theory, for it is stated in the title of the amendatory act that it is to amend the title of the Parole Act of 1917, to repeal a certain section of that act and to amend certain other sections of the 1917 act. The amendatory act became a part of the Parole Act of 1917 and is not a separate and distinct act.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*