(No. 29877.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRVING GEORGE BELLMEYER, Plaintiff in Error.

*Opinion filed March 19, 1947.*

IRVING GEORGE BELLMEYER, *pro se.*

GEORGE F. BARRETT, Attorney General, and JOHN T. REARDON, State's Attorney, of Quincy, for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

An indictment returned in the circuit court of Adams county in September, 1943, charged plaintiff in error with burglary and larceny. On a trial by jury, held in February, 1944, he was found guilty of larceny. The value of the property stolen was fixed at $23.24. Within a few days thereafter, he was sentenced to serve a term in the penitentiary. The judgment entered contained a finding, based on the verdict of the jury, that plaintiff in error was guilty of larceny of property of the value of $23.24 in the manner and form as charged in the indictment. The judgment commanded plaintiff in error be confined in the penitentiary "not less than one year nor more than ten years in safe and secure custody, from and after delivery hereof, or until otherwise released according to law. The Court fixes a minimum of six years and a maximum of ten years."

The only question presented arises on the common-law record and is as to the form of the judgment. Plaintiff in error misapprehends the statute which was in force at the time the judgment was entered. He contends that under *People* v. *Montana*, 380 Ill. 596, the judgment should be reversed and the cause remanded for proper sentence. Section 2 of the Parole Act as amended in 1943 (Ill. Rev. Stat. 1945, chap. 38, par. 802,) was in force at the time the judgment was entered, and it was necessary that the judgment conform to the requirements of such statute. The validity and requirements of the amendatory act were considered in *People* v. *Burnett*, 394 Ill. 420; *People* v. *Wilson*, 391 Ill. 463, and *People* v. *Roche*, 389 Ill. 361.

In the *Burnett case* it was held that if a trial court undertook to exercise the discretion given by the amendatory act of 1943 and fix a minimum penalty at not less than the minimum fixed by law and a maximum not greater than the statutory penalty, then the court's minimum and maximum became the basis of the judgment and that the jurisdiction of the parole authorities under the Parole Act was circumscribed by the court's minimum and maximum penalties. In that case the judgment lacked definiteness. The court sentenced the defendants to the penitentiary for the minimum and maximum fixed by law and then entered an advisory recommendation as to a minimum and maximum. A judgment in such form left doubt as to whether the court had intended to impose the statutory penalty or a minimum and maximum penalty fixed by virtue of the provisions of the amendatory act of 1943. A judgment marked with such doubt would not conform to the requirement that sentences in criminal cases shall reveal with fair certainty the intent of the court, so that those whose duty it is to execute the judgment may know the penalty intended to be imposed.

The judgment in this case shows plaintiff in error was found guilty of the crime charged in the indictment and

that he was sentenced to serve a term in the penitentiary. The first part of the order is that he be committed to the penitentiary for a term of not less than one year nor more than ten. Such order is in the language of the statutory penalty, but it further appears that the court intended to exercise the discretion given by the amendatory act and fix a different minimum and maximum. The court was acting within the power given it by the amendatory act in fixing a minimum of six years and a maximum of ten years, and the form of the judgment is such that those who are required to execute it will know the minimum and maximum period of imprisonment.

The judgment is affirmed.

*Judgment affirmed.*