(No. 30420. ■■■■■■■■■■■■■■

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOLLIS JACKSON, Plaintiff in Error.

*Opinion filed March 18, 1948.*

, HOLLIS JACKSON, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (LOUIS P. ZERWECK, State's Attorney, of Belleville, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Hollis Jackson, was indicted by the grand jury in St. Clair County for the crime of robbery. He was arraigned, tried before a jury and found guilty, and prosecutes his writ of error to this court upon the common-law record.

While several points are made they all converge upon the form of the judgment entered by the court after a motion for new trial had been overruled. The judgment and sentence of the court was as follows: "The sentence of the Court is that the defendant Hollis Jackson be confined in the Illinois State Penitentiary for an indeterminate term of not less than one year nor more than twenty years and there to remain until discharged accord-

ing to law. The judgment of the Court is that the defendant, Hollis Jackson, be confined in the penitentiary for a term of not less than ten years nor more than twenty years and there to remain until discharged according to law."

It is elementary that a sentence imposed by the court upon a person convicted of crime must be certain as to length of time and place of confinement. There are two judgments entered in this case, the first of which conforms with the general punishment for the crime of robbery; the second is a judgment in like form, with a minimum time of ten years, which is not in conformity with the punishment for robbery, as fixed by the statute.

The People contend this is a compliance with section 2 of the Sentence and Parole Act, (Ill. Rev. Stat. 1947, chap. 38, par. 802,) which provides in substance that as applying to this case the law authorizes the court, in imposing sentence, to fix the minimum and maximum terms for duration of imprisonment in the following language: "The minimum limit fixed by the court may be greater but shall not be less than the minimum term provided by law for the offense and the maximum limit fixed by the court may be less but shall not be greater than the maximum term provided by law therefor."

There is nothing in the judgment of the court to indicate whether either of the separate judgments was made under the 1943 amendment of the Sentence and Parole Act. The maximum punishment for robbery is twenty years in the penitentiary. The defendant is entitled to have his judgment sentencing him to the penitentiary so specific and certain that he will be enabled to know what it is. In effect there are two sentences in this case exactly alike, except as to minimum duration of confinement in the penitentiary. Under the first clause he might become entitled to parole long before the minimum of the second sentence had been served.

The judgment is erroneous because it is not as definite

and explicit as the law requires. However, the defendant has been properly tried and found guilty by a jury, and the only error in this case is that of entering up the sentence, and that the court may correct and make in the proper form. If either of the sentences imposed in this case is intended to come under the provisions of section 2 of the Sentence and Parole Act, the judgment of the court should so indicate.

No other errors are argued, and, accordingly, the judgment is reversed and the cause is remanded to the circuit court of St. Clair County, with directions to enter a proper judgment.

*Reversed and remanded, with directions.*