(No. 30597.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT LOWELL ROGERS *et al.,* Plaintiffs in Error.

*Opinion filed September 24, 1948.*

54

ROBERT LOWELL ROGERS *et al., pro sese.*

GEORGE F. BARRETT, Attorney General, of Springfield, and JOSEPH R. PETERSON, State's Attorney, of Princeton, (EDWARD WOLFE, of Springfield, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The defendants, Robert Lowell Rogers and Harold Smith, were indicted in the circuit court of Bureau County, at the April term, 1947, for the crime of burglary. On June 4, 1947, they were arraigned before the court and each entered a plea of guilty. On their said plea the court ordered and adjudged that each of the defendants be confined in the penitentiary "until discharged by the Prison Board, as authorized and directed by law, provided such term of imprisonment shall not exceed the maximum term, nor be less than the minimum term provided by law for the crime of burglary." On motion of the State's Attorney, at the request of defendants' attorney, the "hearing on the recommendation of the court" was continued to June 10, 1947. Upon this date the State's Attorney and the defendants and their attorney appeared, and the court entered the following order as to each defendant: "And now the court after due consideration of the matters as

presented, it is hereby recommended that the minimum duration of said sentence be a period of five years, and that the maximum duration of said sentence be a period of ten years." The defendants, appearing *pro sese* in this court, prosecute this writ of error upon the common-law record.

The assignments of error pertain solely to the sentences imposed, and the relief sought is a remandment of the cause with directions that each of the defendants be properly sentenced, it being the contention of defendants that their sentences are uncertain and indefinite, and that they each received two sentences, the first on June 4 and the second on June 10.

It is the contention of the People that the part of said sentences which contains the "recommendation" that the sentence be from five to ten years, should be treated as surplusage, and that the judgment of conviction should be affirmed as a valid one to life sentence.

The penalty provided by law for the crime of burglary is fixed in section 36 of division I of the Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 84,) at imprisonment in the penitentiary for any term of years not less than one year or for life. Section 2 of the Parole Act, as amended in 1943, (Ill. Rev. Stat. 1947, chap. 38, par. 802,) authorizes the court, in imposing the sentence, to fix the minimum and maximum limits or duration of such imprisonment within the minimum and maximum limits or duration provided by law. This was a power which the court did not possess prior to July 1, 1943, the effective date of the amendment. The parole acts, beginning with the first of such statutes in 1895, deprived the court of any discretion as to the penalty in all cases of burglary. Under the parole acts prior to the amendment of 1943, the only judgment which could be entered upon conviction in cases of burglary and certain other crimes enumerated in the act was a sentence for the indeterminate term of imprisonment fixed

by the statute for the particular crime. The 1943 amendment to section 2 of the Parole Act is constitutional and valid, (*People* v. *Roche,* 389 Ill. 361,) and under that section it is left to the discretion of the trial judge as to whether a defendant shall be sentenced to the penitentiary for the period provided by law for the offense of which the defendant stands convicted or whether he shall be sentenced for a term with a minimum and maximum within the limits prescribed by the act. *People* v. *Howard,* 397 Ill. 334.

In 1941 the legislature by amendment of section 2 and other sections of the Parole Act attempted to authorize the court to exercise a discretion as to the penalty in cases subject to the act. The 1941 amendment of section 2 provided that when a defendant was convicted of an offense subject to an indeterminate sentence, the sentence or commitment to the penitentiary or other State institution should be a general indeterminate sentence of imprisonment of not less than the minimum and not greater than the maximum term provided by law for the offense, and that the court in sentencing such defendant should make an advisory recommendation, to be entered upon the record, recommending the minimum and maximum limits or duration of such imprisonment. The 1941 amendment of section 2, together with a part of other amendments of the Parole Act enacted by the legislature at the same time, were held to be unconstitutional and void in an opinion handed down by this court on September 25, 1942. *People* v. *Montana,* 380 Ill. 596.

The invalid 1941 amendment clearly contemplated that the recommendation should be a part of the judgment and should be effective as such, unless set aside by the Division of Correction with the approval of the Director of Public Safety. (*People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581; *People* v. *Montana,* 380 Ill. 596.) But, since an invalid law is no law at all and wholly inoperative, the effect of

the invalid amendment of 1941 was to leave the Parole law in force as it existed prior to the adoption of the 1941 amendment. *People* v. *Heard,* 396 Ill. 215.

Subsequent to the decision in the *Montana case* this court has on numerous occasions held judgments of commitment erroneous merely because of the inclusion of advisory recommendations under the invalid amendment of 1941, and remanded the causes for the purpose of resentencing the defendants pursuant to the law. The inclusion of the recommendations in the judgment, purporting, under the authority of the invalid amendment, to change the minimum and maximum limits or duration of the sentence were unlawful and void, but this would not affect the lawful sentence imposed. (*People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581.) After the amendments of 1943 to the Parole Act, it was necessary in all such cases to remand the causes for resentencing because, from the effective date of the new amendments, a defendant so erroneously sentenced enjoyed the right to elect whether to be sentenced under the provisions of the 1943 amendments or under the law as it obtained prior to the enactment of the unconstitutional amendments of 1941. *People ex rel. Barrett* v. *Bardens,* 394 Ill. 511.

In the case of *People* v. *Burnett,* 394 Ill. 420, two defendants were convicted of the crime of burglary committed on August 6, 1945. The judgment sentenced each of them to the penitentiary "for the term of one year to life or until discharged according to law" and then contained the further statement that it was "the advisory opinion of the court" that each defendant be confined in the penitentiary for a term of not less than 20 nor more than 35 years. This judgment was held to be erroneous and the cause was remanded for a proper judgment. This court, in *People* v. *Bellmeyer,* 396 Ill. 552, in discussing the judgment in the *Burnett case,* said that it lacked definiteness, that a judgment in such form left doubt as to

whether the court had intended to impose the statutory penalty for burglary fixed by section 36 of division I of the Criminal Code at from one year to life or had intended to impose a minimum and maximum penalty fixed by virtue of the 1943 amendment to section 2 of the Parole Act, and that a judgment marked with such doubt would not conform to the requirement that sentences in criminal cases shall reveal with fair certainty the intent of the court, so that those whose duty it is to execute the judgment may know the penalty to be imposed.

The judgment and sentence in the instant case is in substance the same as the judgment in the *Burnett case* which this court held to be erroneous. There the court, after entering judgment for the indeterminate sentence provided by law for the crime of burglary, went further and included in the judgment an advisory opinion as to the minimum and maximum limits or duration of the term to be served. In the instant case the court after entering judgment for the indeterminate sentence provided by law, went further and included in the judgment a recommendation as to the minimum and maximum limits of the term. There is no difference in law or in logic between the two judgments. An advisory opinion of the trial court as to the minimum and maximum limits or duration of the term of imprisonment which the defendant should serve is the same, both in legal meaning and in popular understanding, as a recommendation of the court as to such limits or duration of the imprisonment. The Parole Act authorizes the trial court to fix the minimum and maximum limits or duration of imprisonment. (Ill. Rev. Stat. 1947, chap. 38, par. 802.) There is no statutory provision authorizing the court to make any recommendations concerning the imprisonment. In the absence of a valid law providing that the recommendation of the court as to the duration of imprisonment should be effective as a judgment, no such recommendation can operate to fix the term of imprison-

ment. (*People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581.) A judgment in the form of one in the instant case, which sentences the defendants to the penitentiary for the minimum and maximum fixed by law, and then enters a recommendation as to a minimum and maximum leaves doubt as to whether the court intended to impose the statutory penalty or to impose a penalty fixed by the court under the provisions of the 1943 amendment to the Parole Act. (*People* v. *Bellmeyer,* 396 Ill. 552.) There is nothing in the judgment to indicate whether the court intended to exercise the discretion vested in it by the 1943 amendment. If the recommendation was intended as an exercise of the discretion vested in the trial court as to the penalty, under the provisions of section 2 of the Parole Act, the judgment of the court should so indicate. (*People* v. *Jackson,* 399 Ill. 488.) A judgment such as the one we have here is quite different from the judgment held valid in the *Bellmeyer case.* There the judgment, after committing the defendant to the penitentiary in the language of the statutory penalty, then proceeded to state that the "Court fixes a minimum of six years and a maximum of ten years." Thus the judgment sentencing the defendant in that case, after commanding that the defendant be confined in the penitentiary for not less than the minimum nor more than the maximum term provided by law, then in clear and explicit language expressly fixed a different maximum and minimum. There could be no doubt in that case as to whether the court intended to exercise the discretion given it by the amendatory act of 1943, but the form of the judgment was such that it readily appeared therefrom that the court had exercised such discretion and had fixed a minimum and maximum different from that provided by law for the offense. In the instant case the judgment contains no such definite and explicit language, but merely recommends a different minimum and maximum. It does not appear from the judgment whether the court actually

fixed a minimum and maximum different from that provided by law or whether he left the matter of the limit or duration of the defendants' imprisonment to the determination of the Division of Correction, in accordance with the provisions of the Parole Act in regard thereto.

Under the circumstances here, the defendants are entitled to have their judgment sentencing them to the penitentiary so specific and certain as to know the limits of its duration. The judgment, therefore, is reversed and the caused remanded to the circuit court of Bureau County, with directions to enter a proper sentence.

*Reversed and remanded, with directions.*