(No. 30953.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN ASHLEY, Plaintiff in Error.

*Opinion filed May 19, 1949.*

JOHN ASHLEY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN A. HEUER, State's Attorney, of Chester, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

John Ashley, plaintiff in error, was indicted in the circuit court of Randolph County for the crime of larceny of an automobile, and for receiving and aiding in concealing an automobile. On March 3, 1947, the defendant, upon arraignment, entered a plea of guilty of larceny of a motor vehicle. He was advised of his rights and cautioned by the court, and, persisting in his plea of guilty, the court thereupon entered the following sentence: "* * * doth find and adjudge the defendant, John Ashley, guilty of the crime of Larceny of a motor vehicle in manner and form as charged in the indictment, and doth further find the age of the defendant to be twenty-two years, and the said defendant is accordingly hereby sentenced by the Court to the Illinois State Penitentiary for a term of one year to twenty years, there to remain until discharged according to law, and the statute in such case made and provided; the Court after hearing evidence and the recommendations of the State's Attorney, fixed the minimum duration of imprisonment to be five years, and the maximum duration of imprisonment to be ten years. Mittimus ordered to issue."

The case comes to this court upon the common-law record and upon the claim of the plaintiff in error that the judgment is not specific and certain so as to comply with the amendment to the Parole Act of 1943. Ashley relies upon *People* v. *Jackson,* 399 Ill. 488, and *People* v. *Rogers,* 401 Ill. 53, in which cases the judgments were reversed becaused of ambiguity and uncertainty in the duration of the term of imprisonment. In the *Jackson case* the sentence was defective in that in one portion thereof the defendant was sentenced to an indeterminate term of not more than

one year nor more than twenty years, and in another portion that he was confined for a term of not less than ten years nor more than twenty years, and we there said the judgment was erroneous because it was uncertain and not explicit in that there were two distinct sentences, and no exercise of the discretion given the court by the amendment to the Parole Act. In the *Rogers case,* the sentence of the court, after directing that the imprisonment should not exceed the maximum nor be less than the minimum, provided that "it is hereby recommended that the minimum duration of said sentence be a period of five years, and that the maximum duration of said sentence be a period of ten years." In that case there was no fixing of a maximum or a minimum sentence, but a mere recommendation. It will readily be seen that the term of imprisonment, in each of these cases, was indefinite and not specific, so that it could be determined by the proper officers for which term the prisoner should be confined.

The exact point covered in this case is decided in *People* v. *Bellmeyer,* 396 Ill. 552. In that case the judgment, after committing the defendant to the penitentiary in the language of the statutory penalty, proceeded to adjudge that the "Court fixes a minimum of six years 'and a maximum of ten years." We held this indicated there could be no doubt as to whether the court intended to exercise the discretion given to it by the amendatory act of 1943. In the instant case it will be noted that, as in the *Bellmeyer case,* the recital of the judgment is, first, that the defendant is sentenced to the penitentiary for a term of one to twenty years, (the statutory term,) and in accordance with the statute made and provided; and, second, after the hearing of the evidence, the court *fixes* the minimum duration of imprisonment at five years and the maximum duration of imprisonment at ten years. In other words, by the use of the word "fixes," the court presently, within the indeterminate penalty defined by the statute, fixes the term of im-

prisonment of the defendant at not less than five years nor more than ten years, all in accordance with the power bestowed by the provisions of the amendment of 1943 to the Parole Act. There is no distinction between our holding in the *Bellmeyer case,* which is controlling, and the instant case. The cases cited by plaintiff in error are not in point.

The judgment of the circuit court of Randolph County is accordingly affirmed.

*Judgment affirmed.*