(No. 31527.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEROY ROBINSON, Plaintiff in Error.

*Opinion filed November 27, 1950.*

LEROY ROBINSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN T. REARDON, State's Attorney, of Quincy, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

On May 20, 1947, the defendant, Leroy Robinson, was indicted in the circuit court of Adams County for the crime of burglary charged to have been committed on March 16, 1947. Robinson pleaded not guilty and the court appointed an attorney to conduct his defense. Four days later, on

May 24, defendant withdrew his plea of not guilty and pleaded guilty. Although admonished by the trial judge with respect to its consequences, Robinson persisted in his plea of guilty. The court accepted the plea, adjudged defendant guilty of burglary, as charged in the indictment, and sentenced him to the penitentiary for an indeterminate term of from one year to life and fixed minimum and maximum limits of four years' and ten years' imprisonment, respectively. On May 29, the court vacated the first judgment order of sentence and entered a new judgment sentencing defendant for a term of one year to life, "and after hearing evidence the Court fixes a minimum of ten years and a maximum of twenty years." Appearing *pro se,* defendant prosecutes this writ of error. No bill of exceptions has been filed.

The single contention made by defendant is that the indeterminate sentence of from one year to life carried an advisory recommendation of minimum and maximum limits of imprisonment, thereby rendering his incarceration illegal. Defendant was not sentenced under the amendments to the Sentence and Parole Act adjudged unconstitutional in *People* v. *Montana,* 380 Ill. 596. He was sentenced, instead, under the Sentence and Parole Act, as amended in 1943. (Ill. Rev. Stat. 1943, chap. 38, par. 801, *et seq.*) The amendatory act is constitutional. (*People* v. *Roche,* 389 Ill. 361.) A sentence, as here, under section 2 of the Sentence and Parole Act as amended in 1943, is a definite sentence for the maximum term provided by law for the offense for which the sentence is imposed. (*People* v. *Wilson,* 391 Ill. 463.) The judgment order conforms to the applicable statutory provisions fixing the penalty. The first part of the order is a commitment to the penitentiary for the indeterminate term of imprisonment prescribed by section 36 of division I of the Criminal Code for the crime of burglary. (Ill. Rev. Stat. 1943, chap. 38, par. 84.) It affirmatively appears from the order that, in addition, the

trial judge intended to, and did, exercise the discretion given by the amendatory act of 1943 to fix a different minimum and maximum by fixing a minimum of ten and a maximum of twenty years' imprisonment.

The form of judgment in this case is the same as that of the judgments challenged and held valid in *People* v. *Bellmeyer,* 396 Ill. 552, and *People* v. *Ashley,* 403 Ill. 395. No distinction obtains between the present case and our decisions in *People* v. *Bellmeyer* and *People* v. *Ashley.* The term of imprisonment is definite and specific, and the proper officers can readily determine the term of imprisonment for which defendant should be confined.

The judgment of the circuit court of Adams County is affirmed.

*Judgment affirmed.*