(No. 33416.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR STUCKER, Plaintiff in Error.

*Opinion filed February 16, 1955.*

ARTHUR STUCKER, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BRICE IRVING, State's Attorney, of Pittsfield, (FRED G. LEACH, and GEORGE W. SCHWANER, JR., of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On September 29, 1950, the plaintiff in error, Arthur Stucker, was arraigned in the circuit court of Pike County on an indictment charging forgery and the uttering and passing of a forged instrument. He entered a plea of guilty to the count charging forgery. After having had the consequences of his plea fully explained he persisted therein and judgment was duly rendered on the plea. Evidence was heard, after which the court sentenced plaintiff in error to the penitentiary "for a term of not less than One (1) year nor more than Twenty (20) years and the

court fixes the minimum sentence at two (2) years and the maximum sentence at ten (10) years." Appearing *pro se,* plaintiff in error brings the common-law record for review by this court.

The only question presented concerns the propriety of the judgment imposing sentence. Plaintiff in error insists that the part of the judgment sentencing him for a term of one to twenty years is invalid, since the applicable statute (Ill. Rev. Stat. 1949, chap. 38, par. 277,) prescribes a punishment of one to fourteen years for the crime of forgery, and that the judgment should therefore be reversed and the cause remanded for the entry of a proper sentence. The People, conceding that the term recited in the sentence does not conform with the penalty prescribed by statute, contend that such portion of the judgment may be regarded as surplusage because the minimum and maximum subsequently fixed by the court are within the statutory penalty of one to fourteen years.

It is clear that a sentence for a term of one to twenty years for the crime of forgery is erroneous and that, in the absence of further provisions fixing the minimum and maximum within the statutory limits, such judgment must be reversed and the cause remanded for a proper sentence. (*People* v. *Reynard,* 397 Ill. 244.) But in the case at bar the court went further and fixed a different minimum and maximum which were within the period prescribed by the statute. When a court exercises its discretion to fix a minimum penalty at not less than the minimum fixed by law and a maximum not greater than the statutory penalty, the court's minimum and maximum become the basis of the judgment, and the jurisdiction of the parole authorities is circumscribed by the court's minimum and maximum penalties. (*People* v. *Bellmeyer,* 396 Ill. 552.) Since such provisions govern the limits of imprisonment, we think the first part of the order, which recites an indeterminate sentence of one to twenty years, may be regarded as surplusage.

In *People* v. *Hamlett*, 408 Ill. 171, an indictment contained two counts, one charging robbery and the other robbery with a charge of prior conviction under the Habitual Criminal Act. A plea of guilty was entered to each count, and the defendant was sentenced to a term of one year to life on the first count and to life imprisonment on the second count, the sentences to run concurrently. It was held that the judgment improperly imposed two sentences as punishment for the same offense; and that the trial court had no power to impose a sentence on count one, since the sentence of life imprisonment on count two was the greater and all-inclusive one. It was further held that the improper sentence imposed on the plea of guilty to count one did not require a reversal and remandment for the purpose of entering a proper judgment, but merely constituted surplusage to be entirely disregarded. In the opinion we quoted the rule, as stated in *People ex rel. Weed* v. *Whipp*, 352 Ill. 525, that "Where a court is authorized by law to impose imprisonment, and it imposes a sentence which it might lawfully impose and in addition thereto a sentence which it had no right to impose, the illegal part of the sentence will be regarded as surplusage and the sentence void merely as to the excess." We think the rule is equally applicable in the case at bar. The court was acting within its power when it fixed a minimum of two years and a maximum of ten years, and the form of the judgment is such that those who are required to execute it can readily know the minimum and maximum period of imprisonment.

*People* v. *Jackson*, 399 Ill. 488, relied upon by plaintiff in error, is distinguishable from the case at bar. In the case cited the defendant was found guilty of robbery. The judgment and sentence of the court was as follows: "The sentence of the Court is that the defendant Hollis Jackson be confined in the Illinois State Penitentiary for an indeterminate term of not less than one year nor more than

twenty years and there to remain until discharged according to law. The judgment of the Court is that the defendant, Hollis Jackson, be confined in the penitentiary for a term of not less than ten years nor more than twenty years and there to remain until discharged according to law." We held that there was nothing to indicate whether either of the separate sentences was made under the provisions of the Sentence and Parole Act authorizing the court to fix the minimum and maximum terms of imprisonment; that in effect there were two sentences exactly alike, except as to minimum duration of confinement; and that the judgment was not sufficiently specific and certain to enable the defendant to know what his sentence was. In the case at bar there is no such uncertainty. The judgment explicitly states that "the court fixes the minimum sentence at two (2) years and the maximum sentence at ten (10) years." It is apparent that the language preceding such provision merely purports to recite the statutory penalty. Since there is no doubt or uncertainty as to which order is effective, the error in such recitation does not require a reversal.

For the reasons stated the judgment of the circuit court of Pike County will be affirmed.

*Judgment affirmed.*