(No. 33795.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARNEST WHITCOMB, Plaintiff in Error.

*Opinion filed March 22, 1956.*

EARNEST WHITCOMB, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and FRANK W. CURRAN, State's Attorney, of Kankakee, (FRED G. LEACH, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Earnest Whitcomb, appearing *pro se,* prosecutes this writ of error for review by this court of the common-law records of his 1954 convictions of the crimes of assault with intent to commit murder of two persons. He entered pleas of guilty, and the questions before this court concern the validity and form of the judgments sentencing him to the Illinois State Penitentiary. These judgments, entered in the circuit court of Kankakee County, under indictments numbered 2274 and 2275, read: "IT IS ORDERED by the Court that defendant be and he is hereby sentenced to the Illinois State Penitentiary for a term of not less than 1 year nor more than 14 years and it is provided as a part of this sentence that the defendant shall be confined not less than 12 years nor more than 14 years." The judgment order in indictment No. 2275 added, "This sentence to be served concurrently with the sentence imposed in case Number 2274."

Defendant contends these judgments are not definite and certain as required by law and further contends that the judgment orders of sentence were entered under unconstitutional amendments to the Sentence and Parole Act.

A sentence imposed by the court upon a person convicted of crime must be certain as to the length of time and place of confinement. (*People* v. *Jackson*, 399 Ill. 488; *People* v. *Roche*, 389 Ill. 361; *People ex rel. Hinckley* v. *Pirfenbrink*, 96 Ill. 68.) Defendant contends that the sentence is uncertain as to time and therefore cannot stand, relying on the decision of this court in *People* v. *Jackson*, 399 Ill. 488.

In the *Jackson case* the defendant was convicted of robbery, and the judgment and sentence were as follows: "The sentence of the Court is that the defendant Hollis Jackson be confined in the Illinois State Penitentiary for an indeterminate term of not less than one year nor more than twenty years and there to remain until discharged according to law. The judgment of the Court is that the defendant, Hollis Jackson, be confined in the penitentiary for a term of not less than ten years nor more than twenty years and there to remain until discharged according to law." This court, observing that in effect there were in that case two separate judgments exactly alike except as to minimum duration of confinement and that under the first the prisoner might become entitled to parole long before the minimum of the second sentence had been served, held that the sentence was uncertain as to time and therefore erroneous. The cause was reversed and remanded with directions to enter a proper judgment.

In the case of *People* v. *Stucker*, 5 Ill. 2d 55, upon conviction of the crime of forgery, the court sentenced the defendant to the penitentiary "for a term of not less than One (1) year nor more than Twenty (20) years and the court fixes the minimum sentence at two (2) years and the maximum sentence at ten (10) years." The defendant, relying on the decision of this court in the *Jackson case*, sought reversal of the judgment, but this court affirmed even though the period of 20 years mentioned in the first

part of the judgment exceeded the maximum provided by statute, holding that the prior part of the sentence could be rejected as surplusage so long as the court had exercised its discretion to fix the minimum and maximum limits of confinement and the maximum limit fixed did not exceed the maximum limit prescribed by statute. It was further observed that it was apparent that the language preceding the fixing of a minimum of two years and a maximum of ten years merely purported to recite the statutory penalty and that there was no doubt or uncertainty as to which order was to be effective.

We regard the *Jackson case* as clearly distinguishable from the case at bar and the decision of this court in the *Stucker case* as controlling. There is no problem here involving two separate inconsistent sentences such as was presented in the *Jackson case,* since the order here, after reciting the statutory minimum and maximum periods of confinement, provides as part of the sentence that the defendant be confined not less than 12 years nor more than 14 years. The trial court in this case has exercised its discretion to fix the minimum and maximum periods of confinement, within those prescribed by statute, which control the time defendant is to serve and enable him to determine that time with certainty. That portion of the judgment which precedes the fixing of a term of confinement at not less than 12 years nor more than 14 years merely recites the statutory penalty and, as in the *Stucker case,* may be disregarded as surplusage. Such sentence complies with section 2 of the Sentence and Parole Act as amended in 1943. *People* v. *Bellmeyer,* 396 Ill. 552.

Defendant also suggests that the 1941 amendments to the Sentence and Parole Act (Ill. Rev. Stat. 1941, chap. 38, par. 801 *et seq.*) are unconstitutional as delegating judicial power to an administrative body and that a sentence under these invalid provisions cannot stand, citing *People* v. *An-*

*derson,* 382 Ill. 316, and *People* v. *Montana,* 380 Ill. 596. It is true that the 1941 amendments to certain sections of the Sentence and Parole Act were held invalid in the *Montana case,* but the defendant in the case at bar was not sentenced under the amendments adjudged unconstitutional in that case. He was sentenced instead under the Sentence and Parole Act as amended in 1943 and thereafter. The amendatory act of 1943 is constitutional. (*People* v. *Robinson,* 407 Ill. 299; *People* v. *Burnett,* 394 Ill. 420; *People* v. *Roche,* 389 Ill. 361.) The constitutional objection interposed is therefore without substance and does not apply to the statutes under which sentence was imposed, and the judgments are accordingly affirmed.

*Judgments affirmed.*