(No. 33948.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL LEWEY, Plaintiff in Error.

*Opinion filed November 26, 1956.*

PAUL LEWEY, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and WILLIAM H. SMALL, State's Attorney, of Galesburg, (FRED G. LEACH, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Paul Lewey, was convicted in the circuit court of Knox County upon his plea of guilty to an indictment charging him with the crime of taking indecent liberties with a minor. Appearing *pro se,* he prosecutes this writ of error to review the sentence and judgment of the court, which he contends is not sufficiently specific and defi-

nite to enable the penal authorities to determine the period for which he is to be confined.

The judgment, after the formal finding of guilt, sentenced the defendant to confinement in the Illinois State Penitentiary System generally and ordered the defendant "there to be committed and confined for a period of not less than One (1) year nor more than twenty (20) years, unless sooner released by the due process of law, to be determined or terminated upon the recommendation of the Illinois State Department of Public Safety, and also subject to parole, transfer to any other penal institution of the State of Illinois, or be discharged as prescribed by law under the Statutes of this State in such cases made and provided;" and it further stated: "The Court now has hearing on mitigation or aggravation of the offense for the fixing of the minimum and maximum sentence to be served within the indeterminate limits fixed by Statute, and at the termination of said hearing, the Court announces that the minimum sentence to be served is fixed at not less than three (3) years and that the maximum sentence to be served is fixed at not more than ten (10) years * * *." Defendant contends that it is impossible to determine whether the foregoing language is a sentence from 1 to 20 years or from 3 to 10 years. He relies on the decision of this court in *People* v. *Jackson,* 399 Ill. 488.

A sentence imposed by the court upon a person convicted of crime must be certain as to the length of time and place of confinement, so that those charged with the execution of the judgment may know the penalty the court imposed. (*People* v. *Jackson,* 399 Ill. 488; *People* v. *Roche,* 389 Ill. 361; Ill. Rev. Stat. 1953, chap. 38, par. 802.) Where the judgment clearly shows that the trial court exercised its discretion to fix a minimum and maximum period of confinement within such limitations prescribed by statute, that will be regarded as controlling and the judgment is sufficiently definite notwithstanding the fact that refer-

ence is also made to the statutory limits of confinement. *People* v. *Whitcomb*, 8 Ill.2d 160; *People* v. *Stucker*, 5 Ill.2d 55; *People* v. *Bellmeyer*, 396 Ill. 552.

The record before us shows that the trial court conducted a hearing for the express purpose of determining what limits of confinement should be set within the statutory limits and that, following such hearing, definite limits were fixed by the court. The judgment is in form almost identical with that considered by us in *People* v. *Grinnell*, 411 Ill. 571, where at page 573 we held that: "The judgment should reveal with fair certainty the intent of the court so that those charged with the execution of the judgment may know the penalty the court imposed. The record in this case clearly indicates the trial court intended to exercise the discretion given it by law to fix a different minimum and maximum term of imprisonment than the indeterminate sentence provided by statute." That observation is controlling here. For reasons assigned in *People* v. *Whitcomb*, 8 Ill.2d 160, 163, the *Jackson case* is distinguishable.

The judgment of the circuit court of Knox County is affirmed.

*Judgment affirmed.*