THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* Y. T. PALMER, JR., Defendant-Appellant.

(No. 11411;

Fourth District—February 1, 1972.

Morton Zwick, of Defender Project, of Chicago, (Bruce L. Herr, of Defender Project, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant pleaded guilty to burglary. Following revocation of his probation, he was sentenced to a term of one to ten years. He appeals.

Upon appeal it is asserted that the sentence is improper because based on acts subsequent to his plea of guilty, and that at the time of sentence the court was insufficiently advised of the facts and circumstances of the burglary to impose proper sentence. It is further urged that this court should strike from the "Statement" submitted to the Parole Board by the State's Attorney and endorsed by the court, a recommendation that the defendant not be given early parole consideration because of hostility shown.

■■ One violation of probation charged was that the defendant entered a place selling liquor. This was admitted. A second violation charged was that he was guilty of disorderly conduct at the same place on the same date. It is conceded that defendant pleaded guilty to the information charging disorderly conduct. The information contained allegations of "physical combat" and that the defendant caused property damage in the tavern. The record shows that the defendant received a copy of the information charging disorderly conduct and prior to his plea of guilty had expressly waived counsel.

At the hearing upon revocation of probation the State's Attorney urged the trial court that no evidence need be heard as the defendant admitted going into the liquor store, and that the plea of guilty to disorderly conduct was admitted. The record shows that the defendant insisted that evidence be heard, and it is apparent that he was seeking to have the violation of probation punished by contempt proceedings rather than by revocation.

There is no evidence in the record of acts occurring subsequent to the order granting probation other than those introduced by the defendant. The argument that the court considered such evidence as aggravating circumstances in fixing sentence is without merit in view of the fact that the minimum provided by statute for burglary was imposed.

■■ It is admitted that at the time of imposing sentence, the court had before it the report of the probation officer which contained an account

of the facts of the burglary. It also set forth prior convictions for misdemeanors. The record shows that after the court stated that he would terminate probation, he asked concerning evidence in aggravation and mitigation. Each party waived further evidence. The argument that the court did not have sufficient evidence as a basis for imposing sentence is not supported by the record.

■■ Defendant's argument that the "recommendation" against early parole made to the Parole Board should be stricken is without merit. The "Statement" of the State's Attorney prepared pursuant to statute is not a part of the record on appeal within Supreme Court Rule 608. No subsidiary proceedings in this cause have made it a part of the record. We are without jurisdiction to review the issue.

*People v. Rogers,* 401 Ill. 53, 81 N.E.2d 420, cited by defendant, is not relevant upon this question. That case concerned a recommendation made by the court as a part of the judgment following a hearing under a statutory proceeding that had been repealed. In that case it was determined that it could not be ascertained what sentence was intended to be imposed by the court, or was, in fact, imposed. In this case the so-called "recommendation" is not a part of this record, is not a part of the judgment, and the sentence imposed is without ambiguity as to its minimum and maximum term.

The judgment is affirmed.

Judgment affirmed.

SMITH and CRAVEN, JJ., concur.