THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT L. BROWN, Defendant-Appellant.

Fifth District   No. 5—85—0396

Opinion filed April 24, 1986.

HARRISON, J., dissenting.

Carroll L. Owens, of Benton, for appellant.

Terry M. Green, State's Attorney, of Benton (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorney Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Scott Brown, pleaded guilty to reckless homicide and was sentenced to probation by the circuit court of Franklin County on February 5, 1982. A condition of his probation was that he serve 120

days of imprisonment in the Franklin County jail, and his probation was to end on February 5, 1984. On May 28, 1982, a petition to revoke his probation was filed, and as a result his probation was extended to February 5, 1985. On March 22, 1985, the State filed its written request for a review hearing, contending that defendant had failed to serve all of his periodic imprisonment. The circuit court ordered defendant to complete his sentence. We affirm.

The terms of the February 5, 1982, order of probation insofar as it pertained to periodic imprisonment were:

"The defendant shall serve a term of 120 days imprisonment in the Franklin County Jail, as follows: The defendant shall serve 120 days in said Jail commencing February 22, 1982, and shall remain there for said 120 days if not working. If said defendant is employed and working at Freeman Coal Company #3, Waltonville, Illinois, he may be released at 9:30 P.M. each evening he works and shall return to said Jail at 9:30 A.M. the following morning. ***"

Defendant's "Petition to Modify Sentence" was filed July 30, 1984. It stated that "due to the hot weather the Defendant is unable to sleep while on the third shift at the Coal mines" and requested "that the sentence be modified to exclude serving the month of August and continued thereafter until the 120 days have been served."

Defendant argues that the circuit court's jurisdiction in this case terminated on February 5, 1985, and that the court was thereafter without authority to require defendant to serve the remainder of the 120 days. Defendant relies on this court's statement:

"The circuit court retains jurisdiction over a defendant who is serving a sentence of probation only so long as that period is yet in effect. This is so unless it has been tolled or revocation proceedings have begun within the period which have not been resolved due to a 'sufficient reason for delay.' Otherwise, once the period has lapsed, probation is terminated and there remains nothing to revoke." (*People v. Randolph* (1981), 98 Ill. App. 3d 696, 699, 424 N.E.2d 893, 895, *cert. denied* (1982), 459 U.S. 857, 74 L. Ed. 2d 110, 103 S. Ct. 128.)

The quoted principles are inapposite in this case. The State does not seek to revoke defendant's probation. It seeks to require him to fulfill the terms of his sentence. The circuit court which commits the offender to periodic imprisonment retains jurisdiction over him during the term of commitment and may diminish the term if merited. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—7—7.) In 1982 defendant promised the circuit court that if he were granted probation he would comply

with the terms set. Apparently the court was willing to accommodate defendant's work schedule in arranging the actual dates of periodic imprisonment. In our view by requesting and accepting postponements of the dates of periodic imprisonment, defendant implicitly agreed to an extension of the probationary period to the extent necessary to accomplish the 120th day of his imprisonment. The sentence is unfulfilled, and the circuit court did not err in requiring defendant to fulfill it.

For the foregoing reasons, the May 15, 1985, order of the circuit court of Franklin County is affirmed.

Affirmed.

JONES, J., concurs.

JUSTICE HARRISON, dissenting:

The circuit court's order of November 24, 1982, revoked defendant's original sentence of probation, imposed upon him an additional one-year probationary term ending February 5, 1985, and set forth the conditions which defendant was required to meet during that term. Although the new conditions established by the court included many of the same requirements as the original sentence, a number of important changes were made. In addition to lengthening the term of probation, the order of November 24, 1982, required defendant to pay an extra fine of $750, bringing the total fine to $2,750, and specified that the fine had to be paid on or before January 5, 1985; it ordered defendant to pay the costs of the revocation proceeding in addition to any court costs still due and owing pursuant to the original sentence of probation, likewise making their payment due on or before January 5, 1985; and for the first time it required defendant to cooperate in a course of psychiatric care for a period of one year beginning November 24, 1982. Significantly, no reference was made to defendant's obligation to serve a term of periodic imprisonment in the county jail.

A sentence imposed by the court upon a person convicted of a crime must be certain as to length of time and place of confinement. (*People v. Jackson* (1948), 399 Ill. 488, 489, 78 N.E.2d 211.) The reason is two-fold: a defendant is entitled to know precisely what his sentence is (399 Ill. 488, 489, 78 N.E.2d 211), and those charged with execution of the sentence must be able to ascertain its meaning. (See *People v. Lewey* (1956), 9 Ill. 2d 493, 494, 138 N.E.2d 524.) Consistent with this view, the courts of Illinois have long recognized that a judgment in a criminal case should be so clear and definite that the mean-

ing may be found from the language used without the necessity of judicial construction to determine its import (*People v. Dennison* (1948), 399 Ill. 484, 486, 78 N.E.2d 232), and so complete that a nonjudicial or ministerial officer will not need to supplement its written terms to ascertain its meaning (*People v. Robinson* (1976), 41 Ill. App. 3d 526, 532, 354 N.E.2d 117, 122). As the author of the majority opinion recently acknowledged, "[t]he proper administration of justice requires a rule that will make it unnecessary for anyone to try to figure out what the sentencing judge had in mind when imposing sentence." *People v. Davis* (1984), 125 Ill. App. 3d 568, 569, 466 N.E.2d 331, 332.

This rule has not been followed in the case at bar. At the hearing to revoke probation, held October 22, 1982, the court solicited evidence pertinent to "consideration of what, if any, action should be taken with respect to continuing the existing sentence, modifying it, enlarging it, or imposing other sentence." At the conclusion of that hearing, the court did continue the sentence of probation and its terms as previously imposed, but apparently only pending a ruling on the State's petition to revoke. That ruling, made November 24, expressly held that the petition to revoke the original sentence of probation was allowed.

These proceedings leave substantial doubt as to whether defendant was, in fact, intended to remain subject to the term of periodic imprisonment. The court's written order of November 24 sheds no further light on the matter. As previously noted, that order did not expressly eliminate the term of periodic imprisonment, but neither did it incorporate it into the new conditions of probation. By contrast, many of the other original conditions were specifically restated or modified, and one new condition, psychiatric care, was added. Under these circumstances, one might reasonably infer that the November 24 order was supposed to supersede, and not merely supplement, the circuit court's original sentence.

If the circuit court intended to retain the period-imprisonment requirement, it should have expressly included that requirement among the conditions imposed by its order of November 24. The point should not have been left to inference or interpretation. (See *People v. Hollingsworth* (1982), 89 Ill. 2d 466, 468, 433 N.E.2d 682, 683.) Although the court's order of May 15, 1985, attempted to clarify the ambiguity, that order came too late. A court retains jurisdiction over a defendant only for the duration of probation, unless the probation period has been tolled or revocation proceedings have been commenced within that period which have not been resolved due to a "sufficient reason

for delay." (*People v. Randolph* (1981), 98 Ill. App. 3d 696, 699, 424 N.E.2d 893, 895, *cert. denied* (1982), 459 U.S. 857, 74 L. Ed. 2d 110, 103 S. Ct. 128.) There can be no dispute that defendant's term of probation ended February 5, 1985, more than a month and a half before the State even requested a review hearing. Expiration of the term was not tolled. The court's order requiring defendant to complete his periodic imprisonment therefore exceeded the court's jurisdiction and was improper.

The majority attempts to escape this conclusion by arguing that the rule limiting the court's jurisdiction to the period of probation applies only where the State seeks to have a defendant's probation revoked. I do not believe that the cases can be read so narrowly. There is no principled way to distinguish the attempt here to send defendant back to jail for failure to complete his periodic imprisonment from a situation in which the State moves for revocation of probation and a modified term after learning that a defendant has failed to satisfy some other type of condition, such as completion of a drug-abuse program. Accordingly, the power of the court should, in each instance, be subject to the same requirements and limitations.

The majority's suggestion that defendant implicitly agreed to extension of the probationary period to the extent necessary to serve the full term of imprisonment is unpersuasive. A more compelling conclusion, which the majority overlooks, is that the State waived the right to enforce the term of imprisonment. The record shows that defendant spent only five days in jail in 1982 and no days at all in 1983. Although defendant completed 34 days of jail time in 1984, the last date on which he appeared at the jail was in September, and the sheriff ceased keeping records on defendant in November of that year. If the State believed that periodic imprisonment was still required, it should have raised the issue prior to expiration of probation on February 5, 1985. It did not. Instead, it stood mute until late the following month. No justification for this delay is given, and I can see none. Defendant made no attempt to evade his obligations and maintained regular contact with his probation officer.

For the foregoing reasons, I would reverse the judgment of the circuit court. I therefore respectfully dissent.