THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL G. DRAVES, Defendant-Appellant.

Fifth District   No. 5—86—0046

Opinion filed November 18, 1986.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Richard A. Runde, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Wendy B. Porter, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Michael G. Draves, appeals from an order of the circuit court of Effingham County finding him to be in criminal contempt of court for wilfully refusing to pay court cots, a fine, and restitution. Defendant was sentenced to serve 60 days in the county jail.

On June 5, 1984, defendant pleaded guilty to 16 counts of misde-

meanor theft and 2 counts of felony theft. He was sentenced to one year's probation and ordered to perform 240 hours of public service work and to pay restitution, a fine and court costs within 11 months of being placed on probation.

On June 12, 1985, the State filed a petition to show cause why defendant should not be held in contempt of court for his failure to make restitution, pay the court costs and fine, or perform any public service work. An order to show cause was issued to defendant. On September 18, 1985, defendant appeared in court pursuant to the order to show cause and was ordered to pay $10 per week until the court costs, fine and restitution were paid in full. Defendant was discharged from probation on September 26, 1985. The report stated defendant had had a rule to show cause hearing and had been ordered to pay restitution.

Several months later, a warrant for defendant's arrest for failure to pay the restitution, fine and court costs was issued. Defendant appeared in court pursuant to the arrest warrant on January 1, 1986. At the hearing, defendant's counsel reminded the court defendant had already been discharged from probation. The court pointed out that the September 18 order had been entered independently of the original probation order and that the probation report stated defendant was subject to an order to pay restitution. The trial court ruled the September 18 order was still valid and in effect despite defendant's discharge from probation. After concluding defendant's failure to pay was wilful, the court found him guilty of contempt of court and sentenced him to serve 60 days in the county jail.

Defendant argues on appeal the trial court had no authority to find him in contempt of a probation order when he had already been discharged from probation. We disagree with defendant's view of the facts of this cause and find the trial court had authority to find him in contempt.

■■ Generally, a circuit court retains jurisdiction over a defendant who is serving a sentence of probation only so long as that period is yet in effect. (*People v. Brown* (1986), 142 Ill. App. 3d 712, 713, 492 N.E.2d 238, 239.) Once the period has lapsed, probation is terminated and there is nothing left to revoke or modify. (*People v. Randolph* (1981), 98 Ill. App. 3d 696, 699, 424 N.E.2d 893, 895, *cert. denied* (1982), 459 U.S. 857, 74 L. Ed. 2d 110, 103 S. Ct. 128.) Here, the State was not attempting to modify or revoke defendant's probation. Rather, the State filed a petition for defendant to show cause why he should not be held in contempt. A contempt proceeding is an original special proceeding, collateral to and independent of the case in which

the contempt arises. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 172, 429 N.E.2d 483, 486.) As long as the trial court has jurisdiction over the parties and subject matter, the trial court also has jurisdiction to enter an order of contempt. (See *People v. Huntley* (1986), 144 Ill. App. 3d 64, 68, 493 N.E.2d 1193, 1196.) Such was the case in this instance. At the time the State filed its petition and the trial court issued its order on September 18, defendant was still under the authority of the circuit court, for he had not yet been discharged from probation. (See Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—2(d).) The September 18 order requiring defendant to make weekly payments was a valid, separate order not affected by the termination of defendant's actual period of probation. The discharge report itself noted defendant was subject to an order to pay money. This same order was still valid and in effect in January when the second contempt proceeding of which defendant now complains was held. With a valid order before it, the trial court retained jurisdiction over defendant to enter the contempt order sentencing him to the county jail. This second contempt proceeding stemmed not from defendant's violation of the original probation order but rather from defendant's violation of the September 18 order. The termination of defendant's probation therefore had no effect on the trial court's authority to punish defendant in relation to the September 18 order. Courts have inherent power to enforce their orders by way of contempt. (*E.g., In re G.B.* (1981), 88 Ill. 2d 36, 41, 430 N.E.2d 1096, 1098, *cert. denied* (1982), 456 U.S. 963, 72 L. Ed. 2d 487, 102 S. Ct. 2041.) We see no reason to reverse the trial court's determination in this instance.

We also see no reason to decide if this is indirect civil or criminal contempt and whether either designation would have any effect on the outcome of this cause. We find the trial court retained authority over defendant to enter the September 18 order until the date of defendant's discharge from probation. (*Cf. People v. Mowery* (1983), 116 Ill. App. 3d 695, 452 N.E.2d 363.) We do find, however, the reasoning of the dissent in *Mowery* to be more persuasive. See 116 Ill. App. 3d 695, 705-07, 452 N.E.2d 363, 370-72.

For the aforementioned reasons, we affirm the order of the circuit court of Effingham County finding defendant guilty of contempt and sentencing him to serve 60 days in the county jail.

Affirmed.

HARRISON and WELCH, JJ., concur.