(No. 32228.— ▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAROLD E. GRINNELL, Plaintiff in Error.

*Opinion filed March 20, 1952.*

HAROLD E. GRINNELL, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and BEN ROBINSON, State's Attorney, of Galesburg, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The defendant herein, on June 13, 1950, was duly arraigned in the circuit court of Knox County on the charge of forgery and the making and passing of a fictitious check. After having had his rights and the consequences of his plea duly explained he pleaded guilty to the count containing the latter charge, whereupon the court sentenced him to the Illinois State Penitentiary System generally, in accordance with the statutes providing therefor, "for a period of not less than one (1) year nor more than twenty (20) years, unless sooner released by the due process of law, to be determined or terminated upon the recommendation of the Illinois State Department of Public Safety, and

also subject to parole, transfer to any other penal institution of the State of Illinois, or be discharged as prescribed by law under the Statutes of this State in such cases made and provided."

Thereafter, the court conducted a hearing to determine mitigating or aggravated circumstances with respect to the offense of which the defendant pleaded guilty, and, as the record in the case shows, did so for the express and single purpose of "fixing the minimum and maximum sentence to be served within the indeterminate limits fixed by Statute." Upon the conclusion of this hearing, the court fixed the minimum sentence to be served at five years and the maximum term to be served at ten years. The defendant presents his petition *pro se* challenging the validity of the foregoing sentence. It is his contention that the foregoing sentence imposed was under the unconstitutional 1941 amendments to sections 2, 3, 7, and 7a, and the added section 3a of the Sentence and Parole Act, as if the court had imposed the indeterminate sentence provided by law and that the second sentence to a minimum of five years and a maximum of ten years was simply a recommendation. The record in this case is not in harmony with this contention. It conclusively shows that there was a hearing conducted by the court for the sole purpose of fixing the minimum and maximum terms of imprisonment.

Sections 2 and 3 of the Sentence and Parole Act (Ill. Rev. Stat. 1949, chap. 38, pars. 802, 803,) require that the court in imposing sentence shall fix the minimum and maximum limits or duration of imprisonment. It was entirely proper and in accordance with sections 2 and 3 of the Sentence and Parole Act to sentence the defendant to the indeterminate term provided by statute and then, upon hearing, fix the minimum and maximum limits or duration of his imprisonment. (*People* v. *Bellmeyer,* 396 Ill. 552; *People* v. *Ashley,* 403 Ill. 395.) The form of the judgment and the sentence in *People* v. *Bellmeyer* is essentially

the same as the form of judgment and sentence in the instant case. The judgment should reveal with fair certainty the intent of the court so that those charged with the execution of the judgment may know the penalty the court imposed. The record in this case clearly indicates the trial court intended to exercise the discretion given it by law to fix a different minimum and maximum term of imprisonment than the indeterminate sentence provided by statute. This the court did by fixing a five-year minimum and a ten-year maximum.

The judgment of the circuit court of Knox County is affirmed.

*Judgment affirmed.*