THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE McGEE, Defendant-Appellant.

First District (5th Division)   No. 76-454

Opinion filed June 3, 1977.

524

James J. Doherty, Public Defender, of Chicago (Robert Motta and Aaron L. Meyers, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order revoking defendant's probation and sentencing him to imprisonment for two to six years. Three issues are presented—(1) whether he was denied due process because of seven and eleven month delays between two misdemeanor convictions and the probation revocation hearing; (2) whether he was provided a proper hearing when the presentence report was tendered to him less than three days prior to sentencing; and (3) whether it was error to refuse him additional time to prepare for the probation revocation and sentencing hearings.

In June 1974 defendant entered a plea of guilty to felony theft (indictment #74-2479) and was sentenced to five years probation. In August 1975 a petition for probation violation was filed in which it was alleged that he failed to report to the Probation Department as ordered

and that he was to appear in court in answer to an armed robbery indictment (#75-2019). On September 18, 1975, a supplemental petition was filed in which four separate instances of probation violations were alleged, in all of which he was sentenced after pleas of guilty—three for thefts late in 1974 and the fourth for unlawful use of weapons in February 1975. At the hearing on September 18, 1975, defendant's attorney requested a continuance for the reason that he had just learned that defendant was on probation under the same judge for the June 1974 conviction. The case was postponed to September 22, on which date defendant's counsel announced that he was sending out subpoenas for transcripts of the misdemeanor conviction hearings referred to in the supplemental petition. The case was continued to September 29, when defendant's counsel said he was not ready to proceed and again requested a continuance, indicating that defendant had informed him of an agreement with the State that he would plead guilty in the four misdemeanor cases on the promise of the State that it would not revoke his probation. His counsel again informed the court that he was subpoenaing the transcripts of those proceedings to see if those promises appeared in the record. The prosecutor stated he knew of no such promises, and the trial court ordered the violation of probation hearing to proceed, informing defendant that if the transcripts were produced they would be considered in arriving at an appropriate sentence. The State then placed in evidence the certified copies of one of defendant's theft convictions and the conviction for unlawful use of weapons. No further evidence was offered by either side, with defendant stating again that he was not ready to proceed. At this hearing, the court revoked defendant's probation.

Three days later, with defendant again insisting that he was not ready to proceed because he was unable to obtain the transcripts, a hearing in mitigation and aggravation was held at which copies of a presentence report were handed to both parties. The court then sentenced defendant to from two to six years.

OPINION

Defendant first contends he was denied due process because of undue delay of eleven and seven months between the misdemeanor convictions and the probation revocation hearing. He argues that these delays were so prolonged as to result in "fundamental unfairness" when the convictions were used as a basis for the probation revocation.

Initially, we note that the cases cited by defendant in his main brief, notably *United States v. Banks* (4th Cir. 1966), 370 F.2d 141, *cert. denied*, 386 U.S. 997, 18 L. Ed. 2d 345, 87 S. Ct. 1317; *Jackson v. United States* (D.C. Cir. 1965), 351 F.2d 821; *Hanrahan v. United States* (D.C. Cir.

1965), 348 F.2d 363, *cert. denied*, 389 U.S. 845, 19 L.Ed. 2d 111, 88 S. Ct. 95; *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819; and *People v. Jennings* (1973), 11 Ill. App. 3d 940, 298 N.E.2d 409, do not involve probation revocation hearings. They are concerned only with pretrial and trial delays.

Furthermore, the two cases cited by defendant in his reply brief, *People v. Williams* (1973), 10 Ill. App. 3d 428, 294 N.E.2d 61, and *People v. Washington* (1975), 28 Ill. App. 3d 812, 329 N.E.2d 471, do not support his position. In *Williams*, a delay "of some 14-16 months" was held to be reasonable and, in *Washington*, a delay of over two years while defendant was being detained by authorities in another state was held to be reasonable. In another case, *People v. Kostaken* (1958), 16 Ill. App. 2d 395, 148 N.E.2d 615, it was held that a 17-month delay was not unreasonable.

■■ Defendant cites no authorities, nor have we found any, supporting the application of his "fundamental unfairness" concept to facts and circumstances such as we have here. We note, however, that *Williams*, *Washington* and *Kostaken* all point out that prejudice to defendant is a significant factor in determining whether a probation revocation hearing was unreasonably delayed. In the light thereof, we think that the appropriate rule requires a showing of prejudice before a delay will become unreasonable, rather than to adopt the fundamental unfairness theory of defendant which, he suggests, raises a presumption of prejudice.

■■ In the instant case, the only indication of possible prejudice appears in the statement of counsel that defendant said he had entered pleas of guilty to the misdemeanor convictions in return for a promise that the State would not move to revoke his probation. However, there was no specific statement or offer of proof made that such was the fact. Neither does the record reveal the reason for the alleged inability to obtain the transcripts of conviction hearings, nor does it disclose why the reporters were not subpoenaed to appear at the final hearing on September 29, 1975. Moreover, the transcripts were included in the record here, and we see nothing in them indicative of any such promise, nor do they disclose any information that might have been helpful to defendant in either the hearing on the violation of probation, or the hearing in mitigation and aggravation. In the light thereof and considering the fact that the only evidence offered was the certified copies of the misdemeanor convictions, we find no prejudice to defendant because of the delays complained of.

■■ ■ Defendant next contends that he was not given a proper sentencing hearing because the presentence report was tendered to him less than three days prior to sentencing. We disagree. The Unified Code of Corrections provides that presentence reports shall be open for

inspection to the State's Attorney and defendant's attorney at least three days prior to imposition of sentence, unless such three-day requirement is waived. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—3—4(b)(2).) There is no requirement in the statute that the report be tendered to defendant or his attorney. It requires only that the report be open for inspection, which suggests that defendant or his attorney make a request to inspect it. Thus, the only basis for objection to a consideration of the report would be that it was not made available for inspection, as provided in the statute. As no such objection was made here when the report was tendered, it was properly received and considered by the trial court. In any event, as defendant does not indicate that he was prejudiced in any manner because he received the report on the day of the hearing, we reject his contention that he was not given a proper sentencing hearing.

Lastly, defendant urges the trial court erred in failing to allow him additional time to prepare for the probation revocation hearing and for the sentencing hearing. We again disagree. The granting of a motion for a continuance rests in the discretion of the trial court (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(e)), and the trial court's ruling will not be disturbed unless the defendant has been prejudiced by the denial. *People v. Davis* (1970), 45 Ill. 2d 514, 261 N.E.2d 314.

■■ In his briefs, defendant makes no contention that he was prejudiced. He states merely that the court refused his request for additional preparation time "for reasons apparent in the record." We have examined the record, which discloses that he was granted continuances from September 18, 1975, to September 22 and again to September 29, the date on which the violation of probation hearing was held. It appears to have been his main concern, in requesting additional time, that he was unable to obtain the transcripts of the misdemeanor plea proceedings. We note, as stated above, that neither the record nor defendant's briefs give us any indication as to why the transcripts could not have been produced on or before September 29 or presented to the trial court at a later date for a reconsideration of his sentence. Neither do they disclose the additional preparation that would have been undertaken if continuance had been granted, nor has our attention been called to the surfacing of any additional information that would have been helpful to defendant, and we conclude that there was no abuse of discretion in the denial of defendant's requests for additional preparation time.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.