THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALPHONSO RANDOLPH, Defendant-Appellant.

First District (2nd Division)  No. 80-240

Opinion filed July 28, 1981.

Steven B. Muslin, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Alfred L. Petrocelli, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant Alphonso Randolph,[1] having been sentenced to a term of 4 years' probation after pleading guilty to a theft offense, was brought before the circuit court on charges that he violated the terms of probation. After overruling defendant's objections to the proceeding, the circuit court conducted a hearing on the probation violation charges. The court found defendant to have violated probation and sentenced him to a term of 3 years' incarceration on the underlying theft offense.

---

[1] In the record, defendant is also referred to as Alphonzo Randolph.

On appeal, defendant contends (1) that the circuit court lacked jurisdiction to entertain the probation violation proceedings on the day on which they were held; (2) that a supplemental petition for violation of probation filed by the State 43 months after the initial petition was prejudicial; (3) that the circuit court erred in admitting evidence allegedly related to a crime upon which the probation violation was based where neither a chain of custody nor positive identification thereof was allegedly made; (4) that the evidence presented by the State failed to demonstrate by a preponderance that defendant had violated probation on either of two occasions; and (5) that the circuit court's sentence was excessive.

On June 18, 1975, defendant pleaded guilty to one count of theft. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)(2).) He received a sentence of 4 years' probation. In the early morning hours of December 31, 1975, defendant was arrested by an officer of the Posen (Illinois) Police Department for attempt theft. (Ill. Rev. Stat. 1975, ch. 38, par. 8—4.) As a consequence of this arrest, the State prepared a petition for violation of probation. The parties here dispute whether this petition was indeed filed with the court on April 27, 1976. In any event, defendant appeared in court on that date without his attorney. In light of this circumstance, the court continued the proceedings.

The common law record shows that thereafter the case was continued for various reasons over the next year. The common law record contains a gap for the period between May 1977 and November 1979.

In the interim, defendant was again arrested on February 16, 1978, in Markham, Illinois. As a result of this arrest, on November 13, 1978, the State filed a supplemental petition for violation of probation. On December 13 of that year, the circuit court conducted a hearing on the original and supplemental petitions. At that hearing, the State called the following witnesses to testify concerning both arrests underlying the two petitions before the court.

Sergeant Randall E. Wolfe of the Posen Police Department, who arrested defendant on December 31, 1975, observed defendant's activities that night in and around a black truck parked on the lot of Deel Ford. Upon inspecting the truck after defendant had left the scene, Wolfe found that the truck's right vent window had been broken and its ignition had been pulled by a "dent puller." He also found that the truck's engine was running. From the truck, Wolfe recovered the "dent puller" and a screwdriver, which he tagged but made no other marks upon. These items were admitted into evidence over defendant's objection at the hearing.

Joseph Underwood, Deel Ford's security agent on that night, testified he heard Wolfe's radio call concerning defendant's activities. Underwood saw defendant flee from the lot. He later examined the truck and

found that its right front window had been broken, "the ignition was running and the engine had been pulled." Underwood also testified as to his employment background with Deel Ford.

Officer William D. Newton of the Harvey (Illinois) Police Department testified regarding defendant's February 16, 1978, arrest. He observed several individuals, including defendant, loading car parts from a garage onto a truck. In the garage, he saw two cars which were missing those parts. Later, when executing a search warrant for the garage, he learned by radio call that the cars were stolen. Defendant was arrested later that day.

Defendant testified that on December 31, 1975, he had been visiting his sister who lived near Deel Ford; that he went to a Texaco station to buy a can of soda, and was stopped by a policeman. The latter accused him of being a thief and placed him under arrest. This policeman then turned defendant over to Sergeant Wolfe who had arrived on the scene. Defendant denied that he had been at the Deel lot that night. He denied that he possessed a "body puller" used to pull ignitions.

Thereafter, the trial court ruled that the State had proved by a preponderance of the evidence that defendant violated probation on December 31, 1975, and February 16, 1978. After a presentence investigation, report, and hearing, defendant elected to be sentenced under the statutory provisions currently in effect. The trial court sentenced defendant to 3 years' imprisonment for the theft offense underlying the initial sentence of probation. No credit was given for time on probation.

I

Defendant first claims that his probation term had expired prior to the hearing for violation, and that the circuit court therefore lacked jurisdiction to entertain the probation violation petitions. Central to defendant's contention is his assertion that the State never formally filed the original petition which the State argues was filed on April 27, 1976.

■■ The circuit court retains jurisdiction over a defendant who is serving a sentence of probation only so long as that period is yet in effect. This is so unless it has been tolled or revocation proceedings have begun within the period which have not been resolved due to a "sufficient reason for delay." Otherwise, once the period has lapsed, probation is terminated and there remains nothing to revoke. (See *People v. Ramirez* (1970), 131 Ill. App. 2d 268, 271, 266 N.E.2d 520.) Here, unless probation had been tolled or revocation proceedings had begun by June 18, 1979, defendant's probationary term expired and the court was prevented from entertaining a revocation hearing thereafter.

Defendant rests his argument on this issue upon the absence of a notation upon the half-sheet that a petition was filed on April 27, 1976.

However, he ignores the fact that the record contains a copy of the petition signed by the circuit court judge before whom defendant appeared on that day. Additionally, the report of proceedings clearly indicates that the State tendered a petition and that the court read relevant parts of it to defendant. We consequently must reject defendant's assertion that no petition was filed on the noted date. See *People v. Kelly* (1976), 39 Ill. App. 3d 190, 194, 350 N.E.2d 163, *appeal denied* (1976), 63 Ill. 2d 560; *People v. DePratto* (1976), 36 Ill. App. 3d 338, 342, 343 N.E.2d 628 (report of proceedings controls over common law record).

■■ We further believe that the filing of this petition, in conjunction with the ensuing circumstances, served to toll defendant's probation period. The relevant statute provides that a probation term is tolled by the issuance of a warrant or summons pursuant to a probation revocation petition. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(a).) However, these are not the exclusive methods by which the term may be tolled. Where a defendant is given notice of the State's intent to revoke his probation, appears in court pursuant to that notice, and proceedings begin, the court retains jurisdiction to decide the matter even after the end of the probation term, as these events also serve to toll that period. *(People v. Speight* (1979), 72 Ill. App. 3d 203, 209-10, 389 N.E.2d 1342.) Here, the record indicates that defendant's probation officer notified him that a revocation petition had been drawn and that he was to appear in court pursuant to it on April 27, 1976. While defendant was to appear in court on that date to separately answer other charges which also served as the basis for the petition, we believe that his presence was at least in part due to the petition itself.[2] Therefore, the events of that date served to toll the probation term. Since the subsequent delay in bringing the petition up for a hearing was due in part to numerous motions for continuance filed by defendant during the probation period, we hold that the circuit court retained jurisdiction to act upon the petition after the passage of the final day of defendant's original probation period.

## II

Defendant asserts that he was prejudiced by the filing of the supplemental petition 43 months after the initial petition was filed, and that it should not have been considered by the circuit court.

■■ A defendant is entitled to a probation revocation hearing within a reasonable time after the filing of a petition. The determination of what constitutes a reasonable time depends upon the facts and circumstances

---

[2] The events here are thus distinguishable from those of *People v. Ramirez* (1970), 131 Ill. App. 2d 268, 266 N.E.2d 520, which is relied upon by defendant. There, the defendant's probation term was not tolled by the issuance of a warrant for a crime unrelated to the probation. Here, the defendant's presence in court was at least partially directly related to the probation proceedings.

of each case. Among the factors to be considered are the prejudice claimed or shown by the defendant, and whether the defendant protected his rights by requesting that a hearing be held. *People v. Smithson* (1978), 65 Ill. App. 3d 564, 567, 382 N.E.2d 536, *appeal denied* (1979), 72 Ill. 2d 584.

The sole basis for defendant's argument that he was prejudiced by the delay is his claim that he "lost witnesses necessary to his defense." These witnesses appear to be defendant's sister, who had moved, and a co-defendant who was incarcerated following a plea of guilty. At the hearing, defendant testified that his sister resided in Chicago Heights, Cook County, Illinois. There is nothing in the record to establish why she was unavailable to testify. Similarly, no reason was offered as to why the potential witness who was imprisoned could not be produced. We conclude that defendant failed to demonstrate prejudice due to the delay on this basis.

■■ Defendant claims that his "motion to order an election" constitutes a demand that the hearing proceed. This court believes that the State is correct in retorting that this motion was nothing more than an attempt to clarify defendant's defense posture. Had defendant in fact sought to have the matter adjudicated, a precisely worded demand for such could easily have been made.

■■ Examination of the common law record indicates that defendant was responsible for most of the delays in hearing the matter between the filing of the original petition and May 1977. The record then contains a gap as to what transpired between that point and the filing of the supplemental petition. We are unaware of the causes of the delay during this period. However, we are also unaware of any prejudice caused to defendant during this time, since no facts indicative of such appear in the record. Probation revocation proceedings are not governed by speedy trial provisions applicable to trial proceedings. (See *People v. Williams* (1973), 10 Ill. App. 3d 428, 430, 294 N.E.2d 61.) There should thus be no presumption that a period of 43 months is inherently prejudicial. (See *People v. McGee* (1977), 49 Ill. App. 3d 523, 526, 364 N.E.2d 546.) Since defendant has failed to adequately demonstrate that he was prejudiced here, the circuit court committed no error in addressing the supplemental petition. (*People v. Williams.*) Our holding is not to be construed as an approval of such a lengthy period. We think the 43-month period is much too long. But, the defendant played a large part in creating the delay.

### III

At the hearing, after the testimony of Sergeant Wolfe (who arrested defendant on December 31, 1975), the trial court admitted into evidence two objects recovered by Wolfe from the floor of the black truck located

on the Deel lot, from which defendant was seen exiting. These items were admitted over the objection of defense counsel. Defendant urges that this constituted error, and that such error was not harmless.

■■ ■ It is a well-established rule that a proper foundation for the admission of real, physical evidence must be laid in order for such evidence to be considered. The foundation may be laid either through identification by a witness or by the establishment of a chain of possession. After reviewing the record, we are satisfied the trial court was correct in admitting this evidence since Wolfe identified the items with certainty as those he had seized on the night of the arrest. See generally *People v. Ford* (1980), 83 Ill. App. 3d 57, 65, 403 N.E.2d 512, *appeal denied* (1980), 81 Ill. 2d 595; *People v. McKnight* (1977), 55 Ill. App. 3d 1052, 1055-56, 371 N.E.2d 946; *People v. Sansone* (1976), 42 Ill. App. 3d 512, 514, 356 N.E.2d 101; *People v. Pruitt* (1974), 16 Ill. App. 3d 930, 941, 307 N.E.2d 142, *appeal denied* (1974), 56 Ill. 2d 584, *cert. denied* (1974), 419 U.S. 968, 42 L. Ed. 2d 184, 95 S. Ct. 232.

The authorities cited by defendant in support of his argument are distinguishable, as in those cases the identification of the items was suspect, the chain of possession was lacking, or the link of the evidence to the defendant was tenuous.[3] Here, none of those foundation flaws exist. Therefore, the trial court did not err in admitting the items into evidence.

## IV

Defendant essentially claims that the State's evidence failed to show by a preponderance thereof that he committed either act upon which the original and supplemental petitions for probation revocation was based.

### A.

Defendant argues that the evidence did not prove that the truck he was alleged to have attempted to steal was owned by Deel Ford, or that Deel had not consented to his use of it, so that he was not shown to have committed attempt theft on December 31, 1975. We are satisfied the record, most notably the testimony of Deel's security agent, does establish these elements and complies with existing precedent. See generally *Johnston v. Suckow* (1977), 55 Ill. App. 3d 277, 280, 370 N.E.2d 650; *Elmore v. Blume* (1975), 31 Ill. App. 3d 643, 647, 334 N.E.2d 431; *O'Connor v. Village of Palos Park* (1975), 31 Ill. App. 3d 528, 534, 333 N.E.2d 276; see also *In re W.S.* (1980), 81 Ill. 2d 252, 257, 408 N.E.2d 718.

---

[3] In *People v. Brown* (1972), 3 Ill. App. 3d 879, 279 N.E.2d 382, the policeman kept the evidence (a bottle of whiskey) in his locker, never inventoried it, never sealed it, and did not show that access to the locker was restricted. See also *People v. Pendleton* (1974), 24 Ill. App. 3d 385, 321 N.E.2d 433.

## B.

Defendant argues that, concerning the auto parts crime of February 16, 1978, the evidence did not show that the parts were stolen or that he had knowledge of that fact on that date. The record clearly establishes defendant's guilt by a preponderance of the evidence. See *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590.

## V

■■ Defendant asserts that the sentence entered by the court was excessive and that this court should reduce it.

Review of the record indicates that the trial court gave weighty consideration to the matter prior to rendering the sentence. It refused to give the maximum sentence as requested by the State's attorney. It also noted that defendant had violated probation on two separate occasions. Nothing in defendant's argument demonstrates that this result constituted an abuse of the trial court's discretion. Consequently, this court cannot alter the sentence entered. *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.

For these reasons, we affirm the findings and sentence of the circuit court of Cook County.

Affirmed.

HARTMAN, P. J., and PERLIN, J., concur.