NO. 4-01-0740

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Menard County

HENRY R. BUDZYNSKI, ) No. 95CM100

Defendant-Appellant. ) 

      ) Honorable

) M. Carol Pope,

) Judge Presiding.

JUSTICE APPLETON delivered the opinion of the court:

Defendant, Henry R. Budzynski, pleaded guilty to domestic battery and was sentenced to probation for one year.  Defendant failed to comply with the conditions of the probation order.  After the term of probation had expired, the State filed a petition to hold defendant in contempt for noncompliance.  On June 18, 2001, the trial court held defendant in indirect criminal contempt for failing to complete the conditions and sentenced him to 90 days in jail.  The court further ordered defendant to reimburse the public defender for services rendered.  We vacate the judgment of the trial court.

I. BACKGROUND

On April 8, 1996, defendant pleaded guilty to domestic battery and was sentenced to probation for one year.  The probation order required defendant to report to the probation office as directed by the probation officer and successfully complete a domestic violence counseling program.  The probation officer directed defendant to report in person once per month.

Defendant reported as required until April 1997.  At that time, defendant informally agreed to an extension of his probation until August 30, 1997, to allow him time to complete the domestic violence program.  On June 23, 1997, two months after the expiration of defendant's term of probation, defendant's probation officer, Virginia Reiser, filed a report with the trial court, which stated that defendant had agreed to sign a petition to modify requesting an extension of his probation until August 30, 1997, in order to complete the counseling, but that defendant had then failed to sign and return the petition.  The report stated that, as of June 3, 1997, defendant had attended only 7 sessions of the 26-week domestic violence program.  The report further stated that defendant failed to report to the probation officer in May and June 1997.  The report requested that the State consider filing a rule to show cause as to why defendant should not be held in contempt of court.

On August 15, 1997, the State filed a petition for rule to show cause alleging that defendant willfully failed to complete the conditions of his probation and requested that defendant be held in contempt therefor.  The petition was set for hearing on August 25, 1997.  Defendant failed to appear and a warrant was issued for his arrest.  After failing to appear at two subsequently scheduled hearings, defendant was arrested on March 14, 2001.  The State's petition was again set for May 21, 2001.  On May 21, 2001, the State filed a petition for adjudication of indirect criminal contempt replacing, but containing the same allegations as, its August 15, 1997, petition for rule to show cause.  The trial court advised defendant of his rights in regard to the pending petition.  At the time, defendant was unemployed so counsel was appointed to represent him.  The State's petition for indirect criminal contempt was set for hearing on June 18, 2001.

At the hearing, Reiser testified that she supervised defendant's probation and defendant reported as required until April 1997 when his probation expired.  She and defendant agreed to extend the term of probation so defendant could complete the domestic violence program since he had attended only 7 of the 26 required sessions.  Defendant failed to report from May through August 1997 and failed to return the petition to modify extending the probationary term prior to the original termination date of April 8, 1997.  Defendant eventually signed the form; however, Reiser did not file the petition with the court since the original term had expired.  Reiser did not consider defendant to have successfully completed the conditions of his probation.

Defendant acknowledged that he agreed to extend the term of his probation through August 30, 1997.  He stated that he stopped reporting in April 1997 because his original probationary period was over and the company that he worked for at the time had sent him on long-term, out-of-state assignments.  He intended to report in July 1997, but his elderly parents became ill and he needed to work to support them.  He stated that he turned himself in on two occasions but was called to work before he was able to follow through.  After suffering a work-related injury, defendant turned himself in for a final time.

After hearing the evidence, the trial court held that the agreement to extend the term of probation had no legal effect because it was executed after the original term had expired.  The trial court did not find defendant in contempt for failing to report after April 1997.  However, the trial court found that defendant willfully failed to complete the domestic violence program, and he willfully left the state--failing to appear on several occasions to answer the charge.  The court found defendant guilty beyond a reasonable doubt of indirect criminal contempt for failing to complete the domestic violence program as ordered.  Defendant was sentenced to 90 days in jail and ordered to reimburse the public defender $175.  This appeal followed.     

II. ANALYSIS 

Defendant appeals, arguing that (1) the trial court lacked subject-matter jurisdiction to find him in contempt because his probation period had expired, and (2) it was error for the trial court to order reimbursement of the public defender's fee without conducting a hearing on defendant's ability to pay.

A court's jurisdiction generally ends with the expiration of probation.  
People v. Wilson
, 293 Ill. App. 3d 339, 341, 687 N.E.2d 1182, 1184 (1997).  Once the probation period ends, the defendant may stop looking over his shoulder and is assured that the State will not seek any more onerous sentence, which the court originally could have imposed.  At that point, probation is terminated and there is nothing left to revoke or modify.  
Wilson
, 293 Ill. App. 3d at 341, 687 N.E.2d at 1184.

However, this general rule only applies to revocation or modification of probation.  In some instances, a court may retain subject-matter jurisdiction to enforce unfulfilled conditions of probation after the probation period has expired.  
Wilson
, 293 Ill. App. 3d at 341-42, 687 N.E.2d at 1184.  Trial courts may use their contempt power after the probation period to enforce conditions of probation that can survive independently of the probation order.  
Wilson
, 293 Ill. App. 3d at 342, 687 N.E.2d at 1184.

In 
Wilson
, the State filed a petition for rule to show cause 45 days after the defendant's probation expired.  The State requested the defendant be held in contempt for willfully failing to attend Alcoholics Anonymous (AA) meetings, a condition of the defendant's probation order.  This court, following the decision in 
People v. Bertalot
, 164 Ill. App. 3d 89, 518 N.E.2d 467 (1987) (use of civil or criminal contempt proceedings not available after expiration of term of probation), held that, to survive the period of probation as an independent disposition, the punishment must exist as a sentencing alternative under section 5-5-3(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3(b) (West 1996)).  Forms of punishment that can only be imposed in conjunction with probation orders cannot survive once the probation order has expired.  
Wilson
, 293 Ill. App. 3d at 343, 687 N.E.2d at 1185.

Section 5-5-3(b) of the Unified Code lists eight punishment options that are appropriate dispositions in criminal cases.  730 ILCS 5/5-5-3(b) (West 1996).  Defendant's domestic violence counseling condition, like the defendant's AA condition in 
Wilson
, is not a sentencing alternative under section 5-5-3(b).  It is only available in conjunction with a probation order pursuant to section 5-6-3(b).  730 ILCS 5/5-6-3(b) (West 1996).  Therefore, following our holding in 
Wilson
, when defendant's probation period expired, the trial court lacked subject-matter jurisdiction to enforce the conditions contained in the probation order.  See 
Wilson
, 293 Ill. App. 3d at 343, 687 N.E.2d at 1185.

The State asks us to distinguish our decision in 
Wilson
 from the issues presented here.  In 
Wilson
, the State sought to hold the defendant in indirect civil contempt, not indirect criminal contempt.  The State urges that in 
Wilson
, the holding centers around enforcing conditions (through civil contempt), not punishing for noncompliance (through criminal contempt).  We agree with the State that a distinction lies between 
Wilson
 and the case 
sub
 
judice
 and that distinction focuses on civil versus criminal contempt proceedings.  We take this opportunity to clarify the issue of contempt as it relates to unperformed conditions within the term of probation.

We distinguish 
Wilson
 from this case and reject the holding in 
Bertalot
.  In 
Bertalot
, the court specifically held that contempt proceedings, whether civil or criminal, do not survive the probationary term.  
Bertalot
, 164 Ill. App. 3d at 94, 518 N.E.2d at 471.  We agree that civil contempt, either direct or indirect, and direct criminal contempt proceedings do not survive the probationary term.  However, we disagree that indirect criminal contempt proceedings do not survive.

Initially, we note that the trial court was correct in finding that the petition to modify, which was signed by defendant after the original term had expired--agreeing to extend the term of his probation until August 30, 1997--had no legal effect.  Without the filing of a petition to revoke or modify prior to expiration of the original term, defendant's probation ended on April 8, 1997.  Defendant had no legal obligation to report to his probation officer or to complete the domestic violence program after April 8, 1997.  The trial court lost subject-matter jurisdiction over defendant's case when the term of probation ended.  
Wilson
, 293 Ill. App. 3d at 343, 687 N.E.2d at 1185.  However, this does not mean that defendant cannot be punished for disobeying the court order even after the expiration of the term of probation.

Contempt of court has been defined as any act that is calculated to embarrass, hinder, or obstruct a court in the administration of justice, or that is calculated to lessen its authority or dignity.  
People v. Simac
, 161 Ill. 2d 297, 305, 641 N.E.2d 416, 420 (1994).  Contempt of court may be classified as civil or criminal and further classified as direct or indirect.  A direct contempt is a contempt committed in the presence of the court while it is in session.  An indirect contempt is a contempt outside the presence of the court.  
People v. Gholson
, 412 Ill. 294, 298, 106 N.E.2d 333, 335-36 (1952).

Criminal contempt is retrospective in nature and consists of punishing for doing what has been prohibited or not doing what has been ordered.  In contrast, civil contempt is prospective in nature and is invoked to coerce what has been ordered.  
In re Marriage of Betts
, 200 Ill. App. 3d 26, 46, 558 N.E.2d 404, 417 (1990).
  We find that the State correctly designated the action here as indirect criminal contempt; however, the procedure invoked was incorrect.

Indirect civil contempt is a continuation of the original cause of action (
People v. Marcisz
, 32 Ill. App. 3d 467, 470, 334 N.E.2d 737, 739 (1975), 
rev'd
 
on
 
other
 
grounds
, 65 Ill. 2d 206, 357 N.E.2d 477 (1976); 
cf
. 
People ex rel. Scott v. Silverstein
, 87 Ill. 2d 167, 172, 429 N.E.2d 483, 486 (1981) (in context of a pretrial discovery order and imposition of a civil contempt sanction, contempt "is an original special proceeding, collateral to and independent of, the case in which the contempt arises"), whereas indirect criminal contempt is a separate and distinct proceeding in and of itself and is not part of the original case being tried when the contemptuous act occurred.  
Cooter & Gell v. Hartmarx Corp.
, 496 U.S. 384, 396, 110 L. Ed. 2d 359, 375, 110 S. Ct. 2447, 2456 (1990).  Since the offense of indirect criminal contempt is an original criminal proceeding, a summons or an arrest warrant should have been served on defendant to obtain jurisdiction. 

Indirect criminal contempt proceedings must generally conform to the same constitutionally mandated procedural requirements as other criminal proceedings.  
Betts
, 200 Ill. App. 3d at 53, 558 N.E.2d at 425.  The defendant in an indirect criminal contempt action has a right to be charged by written complaint, petition, or information; a right to personal service; a right to file an answer; a right to be heard; a right to present evidence; a right to cross-examine witnesses; a right to subpoena witnesses; a right to a public hearing; a right to the privilege against self-incrimination; a right to counsel and the appointment of counsel if indigent; and a right to be proved guilty beyond a reasonable doubt.  
Betts
, 200 Ill. App. 3d at 53-54, 558 N.E.2d at 425. 

The contempt proceedings here were fatally flawed because the State did not file its petition as a new criminal case and did not personally serve defendant to obtain jurisdiction.  Procedures similar to those in other criminal cases should be followed.  A first appearance should be scheduled wherein the defendant is advised of the charges filed against him, bond is set, and counsel appointed, if appropriate.  If the defendant pleads not guilty to the petition, the matter should then be set for trial where the burden is on the State to prove the charges beyond a reasonable doubt.  
People ex rel. Chicago Bar Ass'n v. Barasch
, 21 Ill. 2d 407, 412, 173 N.E.2d 417, 420 (1961).  To sustain a finding of indirect criminal contempt for a violation of a court order outside the presence of the court, two elements must be proved:  (1) the existence of a court order, and (2) willful violation of that order.  
People v. Totten
, 118 Ill. 2d 124, 138, 514 N.E.2d 959, 965 (1987).

We find that, in general, a defendant is subject to indirect criminal contempt proceedings when he or she has not complied with the conditions of his or her probation.  Those contempt proceedings may be initiated after the term of probation has expired as an individual matter and may be prosecuted by the State's Attorney, counsel for a litigant, or 
amicus
 
curiae
 appointed by the court.  
Betts
, 200 Ill. App. 3d at 59, 558 N.E.2d at 425-26.

To have found defendant in indirect criminal contempt of court for failing to complete the domestic violence counseling as ordered, the State must have initiated a new criminal action against defendant.  Here, the trial court lost subject-matter jurisdiction over the defendant when the probationary term expired.  If jurisdiction is lacking, any judgment of the court is rendered void.  
In re Marriage of Mitchell
, 181 Ill. 2d 169, 174, 692 N.E.2d 281, 284 (1998).  Therefore, the trial court's order of contempt, including the order of reimbursement of public defender's fees, is void 
ab
 
initio
 and must be vacated.

III.  CONCLUSION

For the reasons stated, we vacate the trial court's order finding defendant in indirect criminal contempt.

Vacated. 

MYERSCOUGH and KNECHT, JJ. concur.