# Illinois Official Reports

## Appellate Court

---

### *People v. Goossens*, 2014 IL App (3d) 120680

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAYMOND E. GOOSSENS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0680 |
| Filed | September 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In defendant's appeal from his sentence of two years' probation following his conviction for intimidation by threatening not to respond to certain 911 calls during his employment as a sergeant for a police department, the appellate court rejected defendant's contention that the condition of his probation that he become current on child support was unauthorized, since section 5-6-3(b)(6) of the Unified Code of Corrections specifically provides that the trial court has the discretion to require defendant to support his dependents as a condition of probation, and in view of the specific enumeration of that condition, there is no requirement of a finding that the condition be reasonably related to the underlying offense. |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 11-CF-785; the Hon. Michael F. Meersman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Rikin Shah (argued), of State Appellate Defender's Office, of Elgin, for appellant.

John L. McGehee, State's Attorney, of Rock Island (Dawn Duffy (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Carter concurred in the judgment and opinion.
Justice Wright specially concurred, with opinion.

## OPINION

¶ 1    The defendant, Raymond E. Goossens, appeals from his conviction for intimidation, challenging the condition of his probation order that he become current on child support. We affirm.

¶ 2                                    FACTS

¶ 3    The defendant, Raymond E. Goossens, was convicted of intimidation (720 ILCS 5/12-6(a)(6) (West 2010)) after he, as a sergeant of the Cordova police department, threatened to not respond to 911 calls from the Cordova Dragway while two former police officers worked there. The defendant was sentenced to a term of two years' probation. The order of probation contained 21 conditions, one of which was that the defendant become current on his child support. The defendant appealed, arguing that the trial court lacked the authority to include the child support condition in the probation order and asking this court to vacate that condition.

¶ 4                                   ANALYSIS

¶ 5    The defendant argues that the child support condition was unauthorized because it made the probation an indeterminate term, thereby in violation of the maximum 30-month term authorized by section 5-4.5-40(d) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-4.5-40(d) (West 2010)). The defendant also argues that the condition was not authorized under section 5-6-3 of the Code (730 ILCS 5/5-6-3 (West 2010)) because child support payments did not reasonably relate to the offense of intimidation. The State argues that the trial court had specific statutory authority to impose the child support condition. Whether or not the sentence is authorized by statute is a question of law that we review *de novo*. *People v. Thompson*, 209 Ill. 2d 19, 22 (2004).

¶ 6    The defendant was convicted of intimidation, a Class 3 felony. 720 ILCS 5/12-6(a)(6) (West 2010). Section 5-4.5-40(d) of the Code provides that the period of probation or conditional discharge for a Class 3 felony shall not exceed 30 months. 730 ILCS 5/5-4.5-40(d) (West 2010). The defendant cites no case law in support of his position that a condition of probation somehow increases the term of probation. The defendant could make the same

- 2 -

argument with regard to any fines or fees imposed as conditions of probation that he fails or refuses to pay during the term of probation. The trial court has jurisdiction to revoke or modify during the term of the probation, but is generally limited to contempt proceedings to enforce unfulfilled conditions of probation after the probation period has expired. *People v. Budzynski*, 333 Ill. App. 3d 433, 436 (2002). We find that the inclusion of the child support probation term did not convert the defendant's probation term to an indeterminate term.

¶ 7     Our goal in interpreting the language of a statute is to determine and give effect to the intent of the legislature. *Taddeo v. Board of Trustees of the Illinois Municipal Retirement Fund*, 216 Ill. 2d 590, 595 (2005). Legislative intent is best derived from the language of the statute itself, which, if unambiguous, should be enforced as written. *Id.*

¶ 8     Section 5-6-3(a) of the Code lists several mandatory conditions of probation. 730 ILCS 5/5-6-3(a) (West 2010) (the conditions of probation and of conditional discharge "shall be"). Section 5-6-3(b) of the Code lists other conditions that a court may impose at its discretion. 730 ILCS 5/5-6-3(b) (West 2010). Section 5-6-3(b)(6) of the Code provides:

> "(b) The Court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the Court require that the person:
>
> * * *
>
> (6) support his dependents[.]" 730 ILCS 5/5-6-3(b)(6) (West 2010).

¶ 9     The State argues that this provision provided clear statutory authority to impose payment of child support as a condition of probation. We agree. We read section 5-6-3(b) of the Code as specifically allowing the enumerated conditions, but if the trial court seeks to impose additional, unlisted, conditions, they must be reasonably related to the charged offense. See *People v. Meyer*, 176 Ill. 2d 372, 378 (1997) (recognizing that section 5-6-3(b) of the Code contained several permitted conditions, but also gave the trial court discretion to impose additional conditions provided that they were reasonable and related to the nature of the offense or rehabilitation of the defendant; sign proclaiming the defendant a violent felon was unreasonable); see also *People v. Whittington*, 87 Ill. App. 3d 504 (1980) (probation condition not specifically enumerated in earlier version of section 5-6-3(b) of the Code was permissible because it was reasonably related to the underlying offense). In so holding, we acknowledge our disagreement with the Fourth District's holding in *People v. Campbell*, 325 Ill. App. 3d 569, 571 (2001), that the plain meaning of section 5-6-3(b) of the Code is that all conditions of a sentence of probation or conditional discharge must be related to the specific offense for which the defendant is sentenced. Thus, we hold that since the condition that the defendant support his dependents is specifically enumerated in section 5-6-3(b) of the Code, the trial court's imposition of the condition that the defendant become current on his child support was authorized by statute, without a finding that the condition was reasonably related to the underlying offense.

¶ 10                                   CONCLUSION

¶ 11     The judgment of the circuit court of Rock Island County is affirmed.


¶ 12     Affirmed.

¶ 13        JUSTICE WRIGHT, specially concurring.

¶ 14        I agree with the majority and write separately to clarify that the trial court can order defendant to support his dependents beginning on the first day of the term of probation.

¶ 15        If defendant is current in his support obligation on the last day of his probation term, probation would be successfully terminated. Therefore, the sentence is definite and not indeterminate.

¶ 16        In the event defendant has not complied with his support obligation at any point during the original term of probation, he risks a violation of probation and the imposition of a new term of probation. Again, this does not make his sentence indeterminate.

¶ 17        On the other hand, if defendant is not current in his support on the last day of the term of his probation and the State does not file a petition alleging a violation of probation, then as the majority notes, the trial court may require defendant to pay the mandated support which accrued during the term of probation by resorting to the court's power of contempt. Again, this contempt process would not make the sentence indeterminate because the court can only exercise the powers of contempt with respect to the amount due during the term of probation.