

FILED
Apr 22 2015, 9:32 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Laura M. Taylor<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Jonathan R. Sichtermann<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.M.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 22, 2015<br><br>Court of Appeals Case No.<br>49A02-1409-JV-639<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Marilyn A. Moores,<br>Judge, The Honorable Geoffrey A.<br>Gaither, Magistrate<br><br>Cause No. 49D09-1308-JD-2364 |

**Najam, Judge.**

## Statement of the Case

[1]     After adjudicating M.M. a delinquent for failing to stop after an accident, a

Class C misdemeanor when committed by an adult, the juvenile court ordered

M.M. to serve probation and, as a condition of that probation, to pay restitution

to his victim. Thereafter, the court discharged M.M. from probation, but it did not terminate his obligation to make restitution.[1] M.M. appeals the court's order and argues that Indiana law required the juvenile court to terminate his restitution obligation upon his discharge from probation. On this question of first impression, we hold that, when restitution is a condition of a juvenile's probation, Indiana law does not require that the restitution obligation terminate upon the juvenile's discharge from probation. Accordingly, we affirm on the merits of this appeal, but we remand with instructions that the court correct an error in one of its orders.

## Facts and Procedural History

[2]     On August 16, 2013, while driving a vehicle, M.M. struck a vehicle driven by Sherrie Cannon. M.M. did not stop immediately after the accident but was forced to stop shortly after a witness, Dawn Abbey, blocked M.M.'s vehicle with her own vehicle. Police arrived soon after and arrested M.M.

---

[1] At its final dispositional hearing, the juvenile court stated that it was "reduc[ing]" the balance of M.M.'s restitution "to [a] civil judgment," Tr. at 19, and the parties on appeal follow that language. While this language is common, we decline to use it on appeal because, as we explain below, the restitution obligation continued to be in full force and effect against M.M. despite his discharge from probation. The restitution order did not become a new "civil judgment," nor did the juvenile court lose its jurisdiction over the order. *See Wininger v. Purdue Univ.*, 666 N.E.2d 455, 457-58 (Ind. Ct. App. 1996) (discussing Indiana Code Section 35-50-5-3), *trans. denied*. As we have explained in the context of Indiana Code Section 35-50-5-3, the adult restitution statute, a "restitution order *is* a judgment lien" and "may be enforced *in the same manner* as a judgment lien created in a civil proceeding," but, while

> [a] restitution order is the practical equivalent of a civil money judgment, . . . for purposes of the restitution statute, I.C. 35-50-5-3, *it substitutes for the civil judgment* which is normally the basis for a judgment lien. Because the trial court must base its restitution order upon evidence of the crime victim's actual loss, the victim is not obliged to subsequently pursue an independent civil action for money damages to enforce the restitution order, when the sole purpose of such an action would be to establish the amount of its loss.

*Id.* at 458-59 (emphases added).

[3]     On August 19, the State alleged M.M. to be a delinquent on the grounds that he had committed various traffic offenses. On September 13, M.M. admitted to the State's allegation that he had failed to stop pursuant to Indiana Code Section 9-26-1-2, a Class C misdemeanor when committed by an adult. Pursuant to his admission agreement, M.M. agreed to pay $500 in restitution to Cannon. The court accepted M.M.'s admission agreement and placed M.M. on probation. The court ordered that restitution be made as a condition of M.M.'s probation.

[4]     On August 21, 2014, the court held a compliance hearing. At that hearing, the court discharged M.M. from probation but, over M.M.'s objection, refused to terminate his remaining restitution obligation of $473.[2] That same day, the court entered two written orders reflecting its judgment at the hearing. Its "review order" ("the review order") states, as the court did at the hearing, that M.M.'s restitution obligation remained in effect but that the "[c]ourt waive[d] fees and costs" against M.M. based on the court's finding at the hearing that M.M. was "indigent to those matters." Appellant's App. at 119; Tr. at 19. But the court's other order, titled its "judgment order for payment of unpaid court-ordered financial obligations" ("the judgment order"), states that, in addition to the $473 in remaining restitution, M.M. was required to pay an additional

---

[2] The State does not suggest that the issue raised by M.M. on appeal—the juvenile court's authority to continue his restitution obligation despite M.M.'s discharge from probation—is moot in light of M.M.'s discharge from probation. *Cf. Tharp v. State*, 942 N.E.2d 814, 816 n.1 (Ind. 2011) (holding that a probationer's challenge to a condition of his probation was moot in light of the supreme court's "[r]eversal of [the underlying] conviction *and* [the probationer's] apparent completion of probation . . . .") (emphasis added).

$118.25 in court fees. The judgment order simply identifies the remaining amount of restitution and the amount in court fees and then totals that amount. Appellant's App. at 17. This appeal ensued.

## Discussion and Decision

[5] M.M. asserts that the juvenile court erred as a matter of law when it refused to terminate his restitution obligation after it had discharged him from probation. We generally review a juvenile court's restitution order for an abuse of discretion. *T.C. v. State*, 839 N.E.2d 1222, 1224 (Ind. Ct. App. 2005). "The purpose behind an order of restitution is to impress upon" a juvenile delinquent "the magnitude of the loss he has caused and to defray costs to the victim" caused by the delinquent act. *Carswell v. State*, 721 N.E.2d 1255, 1259 (Ind. Ct. App. 1999).

[6] But M.M.'s argument on appeal requires this court to interpret various provisions of the Indiana Code. Statutory interpretation is a question of law and is reviewed de novo, or without deference to the trial court's interpretation. *Curley v. Lake Cnty. Bd. of Elections & Registration*, 896 N.E.2d 24, 34 (Ind. Ct. App. 2008), *trans. denied*. "When a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction." *State v. Prater*, 922 N.E.2d 746, 748 (Ind. Ct. App. 2010), *trans. denied*. "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." *Curley*, 896 N.E.2d at 34 (quotations omitted). "If a statute is susceptible to multiple

interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent." *Id.* (quotation omitted). "We review the statute as a whole and presume the legislature intended a logical application of the language used in the statute, so as to avoid unjust or absurd results." *Prater*, 922 N.E.2d at 748. "[W]e must consider not only what the statute says but what it does not say." *Curley*, 896 N.E.2d at 37. In other words, "we are obliged to suppose that the General Assembly chose the language it did for a reason." *Prater*, 922 N.E.2d at 750.

[7] We first consider Indiana Code Section 31-37-19-5(b)(4), which states in relevant part that the juvenile court may "[o]rder [a child found to be a delinquent] to pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing."[3] No other applicable provision of the juvenile code on delinquency discusses restitution imposed during a delinquency proceeding. *See generally* Ind. Code art. 31-37. Although Section 31-37-19-5(b)(4) generally allows the juvenile court to order a juvenile to pay restitution, the statute is silent as to whether the court must terminate that obligation upon the juvenile's discharge from probation when the restitution had been made a condition of the juvenile's probation. Because Section 31-37-19-5(b)(4) is silent in this regard, M.M. asserts that "the juvenile court has not been granted authority" to continue the restitution obligation. Appellant's Br at 3.

---

[3] M.M. does not challenge the amount of his restitution.

[8] But this court has held that "[t]he adult [restitution] statute is instructive when the juvenile statute is silent." *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011), *trans. denied*. Indeed, it is common in adult criminal proceedings for restitution to be made a condition of probation. *See* Ind. Code § 35-50-5-3(a). While the juvenile court's order that restitution be a condition of M.M.'s probation is not within the plain text of Section 31-37-19-5(b)(4), M.M. does not suggest that the juvenile court erred when it made restitution a condition of his probation.

[9] Instead, M.M. argues that the adult restitution statute, Section 35-50-5-3, cannot apply to him because, as a matter of law, "[p]roceedings in juvenile court are civil proceedings, not criminal in nature. An act of juvenile delinquency is not a crime." *M.R. v. State*, 605 N.E.2d 204, 207 (Ind. Ct. App. 1992). In contrast, the adult restitution statute is premised upon a criminal conviction. In this regard, Section 35-50-5-3 provides in relevant part:

> Except as provided [elsewhere], *in addition to any sentence imposed under this article for a felony or misdemeanor*, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased.

[10] I.C. § 35-50-5-3(a) (emphasis added). Thus, because M.M.'s act of delinquency is not "a felony or misdemeanor," M.M. contends that Section 35-50-5-3 does not apply to him.

[11] M.M.'s reading of "felony or misdemeanor" supposes that the Indiana General Assembly used that language to distinguish the adult restitution statute from civil proceedings. But we think it is more plausible that the "felony or misdemeanor" language was intended to distinguish felonies and misdemeanors from infractions and ordinance violations. And while an act of juvenile delinquency is not a felony or a misdemeanor, this is not because the act did not harm the victim in the same manner as a felony or misdemeanor committed by an adult. Therefore, we hold that the General Assembly did not intend that Section 35-50-5-3 not apply to a delinquent act that would be a felony or misdemeanor if committed by an adult. Thus, we agree with *S.G.* that Section 35-50-5-3 "is instructive when the juvenile [restitution] statute is silent." 956 N.E.2d at 683.

[12] Under the adult restitution statute, when restitution is made a condition of an adult's probation the probationer is "not relieved of his obligation to make restitution when his probation end[s]." *Wininger v. Purdue Univ.*, 666 N.E.2d 455, 457 (Ind. Ct. App. 1996), *trans. denied*. Indeed, Indiana Code Section 35-50-5-3(f) states that a "restitution order is not discharged by the completion of any probationary period or other sentence imposed for a felony or misdemeanor." As we have explained:

> Generally, once a term of probation has expired, the court loses all jurisdiction over the defendant and is powerless to enforce any conditions of the probation, even though it is aware the defendant has failed to meet a condition. *White v. State*, 560 N.E.2d 45, 46 (Ind. 1990). However, the expiration of a probation period does not terminate an obligation to make

restitution to a crime victim.

Unlike other conditions of probation, fines and restitution, because they can stand alone as a sentencing alternative, are considered "independent dispositions" which survive the expiration of the period of probation. *People v. Bertalot*, 518 N.E.2d 467, 470 (Ill. App. Ct. 1987). Therefore, action can be taken either during or after the probationary period to recover restitution which was made a condition of the probation. *Id.* Our supreme court has implicitly recognized that the obligation to pay restitution survives the expiration of the probationary period. In *Savage v. State*, 655 N.E.2d 1223 (Ind. 1995), the defendant received a six year sentence, with two years suspended subject to specified conditions of probation. One of the conditions was that Savage make restitution in the amount of almost $165,000.00. The court upheld the restitution order even though it would likely require Savage to pay 100% of his discretionary income for a period longer than he could be expected to live, *id.* at 1224, and identified the trial court's error as [a] failure to incorporate in its restitution order a periodic payment amount that Savage could afford. *Id.* at 1225. Any such payment schedule would necessarily require that the payments continue well beyond Savage's period of probation.

Further, our legislature has created an explicit exception to the general rule when restitution is a condition of probation. A court may order restitution either as a condition of probation or without placing the offender on probation. I.C. 35-50-5-3(a). But regardless of whether restitution is required as a condition of probation or as an independent sentence, the restitution order is not discharged by the completion of any probationary period. I.C. 35-50-5-3(f). One goal of restitution, as a condition of probation, is to compensate the aggrieved victim for monetary loss. *See generally* 24 C.J.S. Criminal Law sec. 1556 (1989). The legislature could not have intended that the amount of a victim's compensation ultimately depend upon whether a restitution

order was imposed as a condition of probation or as an independent sentence. The plain language of the statute leaves no doubt that the legislature intended the victim's compensation to be the same in either circumstance.

*Id.* at 457-58.

[13] A juvenile restitution order results from an act that would be a crime if committed by an adult, and, thus, it is equivalent to an adult restitution order. The rationale for not terminating a restitution obligation upon the discharge of an adult probationer from his probation applies with equal force in the juvenile context. *Cf. M.L. v. State*, 838 N.E.2d 525, 529 (Ind. Ct. App. 2005) (holding that, although the juvenile restitution statute does not expressly require the juvenile court to determine whether the juvenile has the ability to pay the restitution ordered as a condition of probation, the policies underlying the adult restitution's command that a trial court make such an inquiry applies with equal force to juvenile courts), *trans. denied*. Thus, we hold that, as a matter of law, M.M's restitution obligation did not terminate upon his discharge from probation, and we affirm the juvenile court.

[14] Although we affirm on the merits of this appeal, in a footnote in his brief M.M. asserts that the juvenile court's judgment order erroneously states that M.M. is obliged to pay court fees and costs in addition to his remaining restitution. As noted above, the juvenile court expressly found at the final dispositional hearing that M.M. is indigent as to court fees and costs. And the State does not dispute M.M.'s assertion that the judgment order is erroneous in this regard. Thus,

although we affirm the court's judgment, we remand with instructions that the court correct this error concerning court fees and costs in its judgment order.

[15] Affirmed and remanded with instructions.

[16] Baker, J., and Friedlander, J., concur.